MR. JUSTICE HARRISON
delivered the Opinion of the Court.
Petitioner, Wayne Lester Blake’s driver’s license was suspended for 90 days pursuant to Section 61-8-402(5), MCA, for refusal to take a breathalyzer test. Blake appealed the suspension of his license to the Fifth Judicial District Court, pursuant to Section 61-8-403, MCA. Following an evidentiary hearing, the trial judge stayed the suspension, pending a final appeal of his decision. The State filed a motion for rehearing. The motion was heard January 11, 1985. That same day, the trial judge issued an order affirming his previous order and clarifying the underlying reasons for the stay. The State appeals the order denying its petition for rehearing.
 At the outset, there appears to be a disagreement between the parties as to the evidence this Court may consider on appeal. The notice of appeal states in pertinent part:
“The respondent State of Montana . . . hereby gives notice ... of its intention to appeal this Court’s order of January 11, 1985, denying the State’s motion for reconsideration of the Court’s underlying order of November 14, 1984 . . . .”
To determine whether the trial court properly denied the State’s petition for rehearing, we must review the record relied on by the trial judge in reaching his decision to stay the suspension of petitioner’s driver’s license. Therefore, we will review the entire record of this case. See Rule 2, M.R.App.Civ.P.
Petitioner attended a club meeting on the evening of October 10, 1984. Following the business meeting, most of the members played cards. Though he did not play, petitioner stayed to watch the card games and to socialize. Petitioner and Bruce Parker were the last to *29 leave the meeting. They drained several water pipes and locked the building prior to leaving in their respective cars between 1:30 a.m. and 2:00 a.m. Petitioner testified that he drank four to five beers over the course of the evening.
Petitioner’s route home from the meeting included traveling north on Montana Street through downtown Dillon, Montana. Officer Scott Zeitner was traveling south on Montana Street when he observed petitioner driving erratically. Zeitner testified that petitioner swerved in and out of his own lane numerous times. Petitioner and Parker, who had traveled behind him from the location of the club meeting to the point where Zeitner stopped petitioner, testified that petitioner’s driving had not been erratic and that he had only swerved once. Petitioner testified that he was forced to swerve into the other lane in order to avoid a pedestrian. Neither Zeitner nor Parker saw a pedestrian.
Zeitner administered several field sobriety tests to petitioner, none of which were performed successfully. Petitioner was arrested and taken to the police station where he refused to submit to a breathalyzer test. His driver’s license was subsequently suspended.
Petitioner appealed the suspension of his driver’s license to District Court, alleging lack of reasonable grounds for the police officer to believe petitioner had been driving a vehicle while under the influence of alcohol. Section 61-8-403, MCA. However, the trial judge never reached that issue, holding instead that (1) the initial stop was illegal for lack of reasonable grounds for the police officer to believe petitioner was operating a motor vehicle while under the influence of alcohol prior to the time petitioner’s vehicle was stopped; and (2) since the initial stop was illegal, petitioner’s drivers’ license should not have been suspended.
The State filed a motion for rehearing, contending that the police officer needed only a “particularized suspicion of some kind of wrong doing” to stop petitioner’s vehicle, not reasonable grounds. Following a hearing, the judge issued an order January 11, 1985, denying the motion. In that order, the trial judge held that a review of the evidence confirmed his initial, controlling finding of fact, that the police officer was not justified in making the investigatory stop. However, instead of relying on the “reasonable grounds” test, the judge stated:
“The evidence completely failed to meet the test of ‘particularized suspicion,’ as that term is defined in State v. Gopher [631 P.2d 293,] 38 St.Rep. 178 and State v. Stemple [198 Mont. 409,] [646 P.2d *30 539,] 39 St.Rep. 1085; all the officer had was a “hunch” or “suspicion”, and as the Supreme Court said in State v. Lahr 172 Mont. 32, [560 P.2d 527,] “mere suspicion on the part of the officer is not enough.”
In its appeal of that order, the State raises three issues:
1. Whether Officer Zeitner properly stopped petitioner’s vehicle?
2. Whether the District Court erred in considering hardship factors?
3. Whether petitioner met his burden of proof in challenging his license suspension?
The proper test for determining whether an officer was justified in making an investigatory stop is that relied on by the trial court in its January 11, 1985, order, “a particularized suspicion of some kind of wrongdoing.” State v. Gopher (Mont. 1981), 631 P.2d 293, 38 St.Rep. 1078. In order to prove the existence of a “particularized suspicion”, the State must show: “(1) objective data from which an experienced officer can make certain inferences; and (2) a resulting suspicion that the occupant of a certain vehicle is or has been engaged in wrongdoing . . . .” Gopher, 631 P.2d at 296, 38 St.Rep. at 1081.
Section 61-8-403, MCA, sets forth the petitioner’s rights to appeal. It reads:
“The department shall immediately notify any person whose license or privilege to drive has been suspended or revoked, as herein-before authorized, in writing and such person shall have the right to file a petition within 30 days thereafter for a hearing in the matter in the district court in the county wherein such person resides or in the district court in the county in which this arrest was made. Such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon 10 days’ written notice to the county attorney of the county wherein the appeal is filed and such county attorney shall represent the state, and thereupon the court shall take testimony and examine into the facts of the case, except that the issues shall be limited to whether a peace officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public, while under the influence of alcohol, whether the person was placed under arrest, and whether such person refused to submit to the test. The court shall thereupon determine whether the petitioner is entitled to a license or is subject to suspension as heretofore provided.”
*31 Under the statute, the District Judge should have determined if the police officer had reasonable grounds to believe the petitioner had been driving while under the influence of alcohol, whether the petitioner was placed under arrest, and whether petitioner refused to submit to the blood alcohol test. Those were the only issues provided under the statute, and he did not address them. Instead he focused on the question of the initial stop and the claimed lack of reasonable grounds for that stop.
In Petition of Burnham (Mont. 1985), [217 Mont. 513,] 705 P.2d 603, 42 St.Rep. 1342, this Court pointed out that the implied consent law is a civil administrative proceeding separate and distinct from the criminal action on the charge of driving while intoxicated. Each proceeds independently of the other. There is no connection between the criminal statute prohibiting the operation of the motor vehicle while under the influence of alcohol and the statutes requiring consent to a chemical test to determine blood alcohol content. The court should have ruled upon the sufficiency of the evidence to establish that the police officer had reasonable grounds to believe petitioner was driving under the influence of alcohol, that petitioner was placed under arrest, and that he refused to submit to the test. Substantial evidence was submitted on each of these issues.
In addition, we disagree with the conclusion of the District Court that the initial stop was illegal for lack of reasonable grounds for the police officer to believe petitioner was operating a vehicle under the influence of alcohol prior to the actual stop of petitioner’s vehicle. There is no dispute that petitioner was driving in the vicinity of several bars around 2:00 a.m., which is near the closing time for bars in Montana. In addition, petitioner’s own testimony established that he swerved into the wrong traffic lane. In itself, the driving of a vehicle into the wrong traffic lane may be sufficient to constitute a traffic violation under Section 61-8-321, MCA. In addition, such uncontradicted evidence is sufficient to constitute a particularized suspicion that the petitioner may have been driving while under the influence of alcohol. We conclude that the conduct of Officer Zeitner met the particularized suspicion test of State v. Gopher.
Issue two is whether the District Court erred in considering hardship factors. As noted above the court having disposed of the case on grounds other than provided by statute, we remand the case for further hearings on whether the petitioner should be granted a restricted driving permit. As to issue three, upon remand this matter can be further considered by the District Court.
*32 The order of the District Court is vacated and the case remanded to the District Court.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES WEBER and GULBRANDSON concur.