MR. JUSTICE SHEEHY,
dissenting:
In this case Wayne Blake is guilty of no crime. The purported charge against him was dismissed on the motion of the city, an admission by the City that it had no evidence upon which it could convict Blake. Is it then lawful that a guiltless citizen can be deprived of a valuable property right, his driver’s license, merely on the unfounded suspicion of a law enforcement officer? Certainly not, or I should say, certainly not in a country that asserts that life, liberty and the pursuit of happiness are inalienable rights.
This Court erred in its holding in Blake I (1986), [220 Mont. 27,] 712 P.2d 1338. Unable to admit its error, this Court compounds its error by insisting that an innocent man be further punished. To paraphrase Goldsmith, “Woe to the land, to hastening ills a prey, where courts contribute to the law’s decay.”
MR. JUSTICE HUNT concurs with the foregoing dissent of MR. JUSTICE SHEEHY.
MR. JUSTICE GULBRANDSON, specially responding to the dissent of MR. JUSTICE SHEEHY
In response to the dissent of Justice John C. Sheehy, concurred in by Justice William E. Hunt, Sr., it should be pointed out that in the first sentence of his dissent filed in Blake I (Mont. 1986), 712 P.2d 1338, 1342, he acknowledges as follows:
*200 “Proceedings to suspend the driver’s license of one who refuses to submit to a chemical test designated by the arresting officer (section 61-8-402, MCA) are civil in nature.”
It should be further noted that the companion criminal action was dismissed on motion of the City Attorney in writing as follows:
“After checking with the Supreme Court in Helena, Montana, I am convinced that we will not get a decision in the Blake case on probable cause for another six to nine months. Therefore, I feel that you should dismiss the D.U.I. charges pending against Mr. Blake in your Court.
“Robert G. Dwyer
“City Attorney
“April 15, 1985, Charge Dismissed as per above letter from Atty. Dwyer
“Judge Delaney
“[City Police Judge]”
In my view, the City Attorney’s motion was appropriate in view of the requirement that the State must bring the defendant to trial within six months, and said motion should not be characterized as an admission that there was no evidence with which to convict the defendant.