No. 88-010

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

JOHN E. LEE,

       Defendant and Appellant.

---

APPEAL FROM: District Court of the Fourth Judicial District
In and For the County of Missoula
The Honorable John S. Henson, Judge Presiding

COUNSEL OF RECORD:

    For Appellant:

        J. Dirk Beccari, Missoula, MT
        Doug Anderson, Legal Intern, Missoula, MT

    For Respondent:

        Honorable Mike Greely, Attorney General, Helena, MT
        Betsy Brandborg, Assistant Attorney General
        Robert L. Deschamps, III, County Attorney, Missoula, MT
        Betty Wing, Deputy County Attorney

---

Submitted on Briefs: April 7, 1988

Decided: May 17, 1988

Filed: MAY 1 7 1988

_Ethel M. Harrison_
—————————————————————
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

John Lee appeals from the judgment of the District Court, Fourth Judicial District, Missoula County, finding Lee guilty of driving under the influence of alcohol. We affirm.

The following issue is presented for our review: Did the District Court err in ruling that there was sufficient probable cause to arrest the defendant for driving under the influence of alcohol?

The record discloses the following pertinent facts. On the evening of September 1, 1986, Montana Highway Patrol Officer Henry Devereaux was traveling south on Orange Street in Missoula. As Devereaux approached the intersection of Orange and Third Street North, he saw the defendant's blue pickup truck turn in front of him. After the defendant's vehicle passed, Devereaux attempted to continue on but was forced to stop abruptly when a sedan that was following the defendant's blue pickup turned in front of Devereaux. When Devereaux pulled the sedan over, the defendant stopped his blue pickup as well. Devereaux then used his public address loudspeaker to instruct the white sedan to pull over to a safer stopping point. At that point, Devereaux noticed the defendant get out of his vehicle and stumble onto the street. The defendant appeared to be confused as to whom Devereaux had intended to stop. Noting the defendant's confusion, Devereaux told the defendant to leave.

However, the defendant did not leave but instead pulled onto Grant Street (following the white sedan) and stopped his vehicle in the middle of the road. After getting out of his vehicle, the defendant headed toward the stopped sedan and the police car. As the defendant walked toward the stopped vehicles, Devereaux determined that the defendant appeared intoxicated and radioed for assistance, explaining that there

was a possible DUI interfering with a vehicle stop. Devereaux then got out of his vehicle and instructed the defendant to pull his car to the curb. Devereaux noted that the defendant had difficulty understanding the instructions but eventually complied. Devereaux returned to his car and awaited assistance.

Montana Highway Patrolman Paul Grimstad arrived on the scene and was directed to the defendant by Devereaux. Upon observing the defendant's slurred speech and unsteady balance, Grimstad decided the defendant was probably intoxicated. Consequently, Grimstad informed the defendant that he was recording the conversation. Grimstad then initiated field sobriety tests which the defendant failed. As a result, Grimstad arrested the defendant for DUI. Upon the defendant's arrival at the police station, the defendant was subjected to several sobriety exercises as well as a breath test. The defendant was found to have a blood alcohol level of .219 milligram percent.

The defendant filed a motion to suppress the State's evidence maintaining that the State lacked probable cause to make an investigatory stop of defendant's vehicle and further, that there was no evidence supporting Devereaux's suspicion that the defendant was drunk. The District Court denied the defendant's motion stating that there was probable cause to support the defendant's arrest. On June 8, 1987, the defendant was convicted of driving under the influence in spite of the defendant's renewed motion to suppress the evidence. The defendant appeals.

The defendant maintains that the District Court erred in denying the defendant's motion to suppress. However, the dispositive issue in the case at bar is whether Officer Grimstad had sufficient probable cause to arrest the defendant for driving under the influence of alcohol. We find

- 3 -

that there was sufficient probable cause upon which to base the defendant's arrest.

Initially, we must determine whether Officer Devereaux's investigatory stop of the defendant was proper. We hold that it was. In Matter of Suspension of Driver's License of Blake (Mont. 1986), 712 P.2d 1338, 43 St.Rep. 143, this Court held:

> The proper test for determining whether an officer was justified in making an investigatory stop is . . . "a particularized suspicion of some kind of wrongdoing." State v. Gopher (Mont. 1981), 631 P.2d 293, 38 St.Rep. 1078. In order to prove the existence of a "particularized suspicion", the State must show: "(1) objective data from which an experienced officer can make certain inferences; and, (2) a resulting suspicion that the occupant of a certain vehicle is or has been engaged in wrongdoing . . ." Gopher, 631 P.2d at 296, 38 St.Rep. at 1081.

Blake, 712 P.2d at 1340, 43 St.Rep. at 145.

In the immediate case, the petitioner voluntarily stopped his car twice and it was only then that Officer Devereaux requested the petitioner to pull over. By the time Devereaux instructed the defendant to stop, Devereaux had observed the defendant act in what appeared to be a confused and possibly intoxicated manner. Not only did the defendant ignore Devereaux's instructions to leave after the first stop but during the second voluntary stop he left his pickup parked in the middle of the road impeding traffic. Based on this objective data, Officer Devereaux had probable cause to infer that the defendant was a possible DUI who would interfere with the investigations stop of the white sedan and so called for assistance.

Subsequent to requesting assistance, the defendant's actions further confirmed Devereaux's suspicions. Devereaux observed that the defendant had difficulty walking, trouble understanding instructions, and breath that smelled of

alcohol. Devereaux then instructed the defendant to move his vehicle out of the middle of the road and to await further instructions.

In light of Officer Devereaux's three years experience as a Montana Highway Patrol officer, there were clearly sufficient objective circumstances from which he could properly infer that the defendant was under the influence of alcohol at the time he requested the defendant to pull his car over to the curb. As a result of observations which Devereaux made regarding the defendant's condition, Devereaux suspected that the defendant, whom Devereaux had observed driving his pickup, was under the influence of alcohol. There can be no question but that the facts in this case were sufficient to demonstrate a particularized suspicion under the two step test, announced by this Court in Gopher, 631 P.2d at 296, 38 St.Rep. at 1081, and Blake, 712 P.2d at 1340, 43 St.Rep. at 145. As such, Officer Devereaux's stop was a proper investigatory stop.

The defendant next contends that the arresting officer, Montana Highway Patrol Officer Paul Grimstad did not have probable cause to arrest the defendant for driving under the influence of alcohol. We disagree.

By the time Grimstad had arrived on the scene, the defendant had already been properly stopped by Devereaux. Grimstad's subsequent observations clearly demonstrate objective manifestations establishing probable cause to arrest the defendant. Under similar circumstances, we have held that:

> A founded suspicion to stop for investigative detention may ripen into probable cause to arrest through the occurrence of facts or incidents after the stop.

State v. Sharp (Mont. 1985), 702 P.2d 959, 963, 42 St.Rep. 1009, 1013; citing, United States v. Modina-Gasca (9th Cir.

- 5 -

1984), 739 F.2d 1451, 1453; and, United States v. Portillo-Reyes (9th Cir. 1975), 529 F.2d 844, 850.

In the instant case, Grimstad was directed to the defendant by Devereaux when he arrived on the scene. After speaking to the defendant, Grimstad found the defendant's intoxication manifested itself as follows: very slurred speech, strong odor of alcohol on defendant's breath, bloodshot eyes, inappropriate behavior, staggering and unsteadiness, and, general confusion as to what was occurring. After observing the defendant's apparently intoxicated state, Grimstad performed two sobriety tests on the defendant. The defendant failed both tests. As a result of his own observations of the defendant and the defendant's failure of the sobriety tests, Grimstad concluded that the defendant was under the influence of alcohol.

Although Grimstad did not actually witness the defendant driving the pickup truck while under the influence of alcohol, he was supplied with information to that effect by a reliable source, Officer Devereaux. Further, the defendant himself admitted to Grimstad that he had been operating a vehicle. Based on the information that Grimstad acquired through his conversations with Officer Devereaux and the defendant, his observations of the defendant and the defendant's poor performance on the sobriety tests, we find that Grimstad properly placed the defendant under arrest for driving under the influence of alcohol.

The threshold issue for the validity of an arrest is probable cause. The probable cause requirement is satisfied at the time of arrest if the facts and circumstances within the officer's personal knowledge, or upon information imparted to him by a reliable source, are sufficient to warrant a reasonable person to believe that the suspect has committed an offense. State v. Ellinger (Mont. 1986), 725 P.2d 1201,

1202, 43 St.Rep. 1778, 1780, citing State v. Hamilton (1980), 185 Mont. 522, 528, 605 P.2d 1121, 1125; State v. Hill (1976), 170 Mont. 71, 74, 550 P.2d 390, 392. There can be no question but that Officer Grimstad had sufficient probable cause to arrest the defendant on the charge of driving under the influence in violation of § 61-8-401, MCA. As such, the District Court correctly refused the defendant's motion seeking to suppress the evidence gathered as a result of the arrest.

We affirm.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

- 7 -