No. 91-573

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

DANIEL LEE JESS,

      Petitioner and Appellant,

-vs-

STATE OF MONTANA, DEPARTMENT OF JUSTICE,
MOTOR VEHICLE DIVISION,

      Respondent and Respondent.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Stillwater,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Gary R. Thomas, Thomas Law Office, Red Lodge,
Montana

      For Respondent:

          Hon. Marc Racicot, Attorney General,
Jennifer Anders, Assistant Attorney General,
Helena, Montana
John Bohlman, Special Assistant Stillwater County
Attorney, Columbus, Montana

FILED

Filed: NOV 12 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  July 23, 1992

Decided:  November 12, 1992

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Daniel Lee Jess appeals from an order of the Thirteenth Judicial District Court, Stillwater County, denying his petition for reinstatement of his driver's license pursuant to § 61-8-403, MCA.

We affirm.

Three issues are presented to this Court for our consideration.

1. Did the District Court err in holding that appellant has the burden of proof for seeking reinstatement of his driver's license following its suspension under § 61-8-403, MCA?

2. Was there sufficient evidence in the record to support the District Court's conclusion that the arresting officer had reasonable grounds to suspect that appellant had been driving under the influence of alcohol?

3. Did the officers have reasonable grounds to make an arrest?

On May 25, 1991, Daniel Lee Jess, accompanied by a friend, drove Jess's pickup truck from Columbus to Rapelje to perform contract work. On Jess's return home from Columbus, he was observed by another motorist who had followed him for a long distance and who testified that Jess was driving erratically and his vehicle was "all over the road." She stated that at one point he started to veer off the road and nearly hit a bridge near Kaiser Creek. She also testified that she saw the driver drink something,

2

but could not identify what it was. When the witness arrived at Columbus, she immediately went to the sheriff's office and gave the dispatcher the description of the pickup, the license plate number, and reported that she had recognized Jess as the driver of the pickup. She also described what she believed to be erratic driving.

While the witness went to the sheriff's office, Jess and his companion drove to a bar in Columbus and began drinking there. The dispatcher radioed the information given by the witness to Officer Woods. Deputy Salte was in the dispatch office when the witness made her complaint. Approximately five minutes later, the officers located the pickup outside the bar. Neither officer had seen appellant drive his pickup truck.

Following a discussion inside the bar, Officer Woods requested that appellant come outside. Officer Woods told appellant that a witness had reported a drunken driver. After another conversation ensued, Officer Woods requested that appellant accompany her in the police car to the sheriff's office. It is in dispute as to whether Officer Woods demanded or requested that appellant go to the sheriff's office. Appellant did accompany the officer to the sheriff's office. Both officers observed that appellant had slurred speech, bloodshot eyes, and was staggering, and concluded that he was under the influence of alcohol. Officer Woods informed appellant that if the witness did not sign a complaint against him, then he would be returned to the bar. Appellant believed that he

3

was arrested at this point and was compelled to go to the sheriff's office.

Upon arrival at the sheriff's office, there was a problem with locating the witness and appellant was placed in a booking room. Approximately 15 minutes later, they located the witness and she signed a written statement. Officer Woods then placed appellant under arrest. Appellant refused the breathalyzer test and his license was immediately suspended for 90 days.

Appellant filed for a reinstatement hearing which was held on August 26, 1991. On September 23, 1991, the court entered its order and memorandum denying reinstatement of appellant's license. Appellant appeals this decision.

I.

Did the District Court err in holding that appellant has the burden of proof for seeking reinstatement of his driver's license following its suspension under § 61-8-403, MCA?

Appellant raises a constitutional challenge to § 61-8-403, MCA. He readily admits that this challenge was not raised in District Court, nor was the Montana Attorney General properly notified. Therefore, we will not discuss appellant's constitutional challenge.

As to the burden of proof issue, appellant contends that even though a proceeding brought under § 61-8-402, MCA, is civil in nature, the determinations made by the District Court are traditional criminal issues in which the State always has the

4

burden of proof. This is an issue of first impression before this Court.

Under Montana's implied consent law, a person who is arrested for operating a motor vehicle while under the influence of alcohol is considered to have given his consent to a breathalyzer test for the purpose of determining the amount of alcohol in his blood. A person who refuses to consent to a breathalyzer test will face immediate seizure of his driver's license and formal suspension of his driving privileges by the Department of Justice. Section 61-8-402(3), MCA.

Upon suspension of a driver's license for failure to take a breathalyzer test, the individual may appeal to the district court for review under § 61-8-403, MCA, which states:

> The department shall immediately notify any person whose license or privilege to drive has been suspended or revoked, as hereinbefore authorized, in writing and such person shall have the right to file a petition within 30 days thereafter for a hearing in the matter in the district court in the county wherein such person resides or in the district court in the county in which this arrest was made. Such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon 10 days' written notice to the county attorney of the county wherein the appeal is filed and such county attorney shall represent the state, and thereupon the court shall take testimony and examine into the facts of the case, <u>except that the issues shall be limited to whether a peace officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public, while under the influence of alcohol, drugs, or a combination of the two, whether the person was placed under arrest, and whether such person refused to submit to the test.</u> The court shall thereupon determine whether the petitioner is entitled to a license

5

or is subject to suspension as heretofore provided. [Emphasis added.]

We have stated that a hearing held under § 61-8-403, MCA, is "a civil proceeding, separate and distinct from a criminal trial . . . ." Gebhardt v. State (1989), 238 Mont. 90, 95, 775 P.2d 1261, 1265. During this civil proceeding, the judge is limited to only reviewing the propriety of the suspension of the driver's license for refusing to submit to a breathalyzer test. The issues are clearly defined by statute and require a lower burden of proof than the criminal proceeding. Section 61-8-403, MCA, limits the inquiry to the following issues:

(1) whether the arresting officer had *reasonable grounds to believe* the following:

(a) that the petitioner had been driving or was in actual physical control of a vehicle;

(b) that the vehicle was on a way of this State open to the public; and

(c) that the petitioner was under the influence of alcohol;

(2) whether the individual was placed under arrest; and
(3) whether the individual refused to submit to a chemical test.

Gebhardt, 775 P.2d at 1265.

In a criminal proceeding for driving under the influence, the judge or jury actually decides the ultimate issue, of whether, beyond a reasonable doubt, the defendant had been driving or was in actual physical control of a vehicle on the ways of this state open to the public while under the influence of alcohol. Gebhardt, 775

6

P.2d at 1265. We have also stated that the ability to operate a motor vehicle on a public highway is not a fundamental right, but a revokable privilege that is granted upon complying with statutory licensing procedures. State v. Skurdal (1988), 235 Mont. 291, 767 P.2d 304.

Unfortunately, § 61-8-403, MCA, does not clearly state who has the burden of proof in the civil proceeding. Both parties cite to numerous state jurisdictions to support their position. Even so, we believe that § 26-1-401, MCA, is the applicable statute. It states the following:

> The initial burden of producing evidence as to a particular fact is on the party who would be defeated if no evidence were given on either side. Thereafter, the burden of producing evidence is on the party who would suffer a finding against him in the absence of further evidence.

We have previously interpreted this statute to mean that "the party asserting a right in any case has the burden of proving each of the material allegations stated in the complaint." McDonald v. Peters (1954), 128 Mont. 241, 243, 272 P.2d 730, 731. The State's action of immediately seizing the driver's license is authorized upon the appellant's refusal to comply with the implied consent statute, and review of the revocation is initiated only at the request of the appellant. Section 61-8-402 and -403, MCA. There is a presumption of correctness to the State's action until otherwise shown to be improper. Section 61-8-402, MCA. Thus, it is the appellant who is asserting the right to reinstatement of his driver's license by

7

filing a petition with the District Court. If he fails to file his petition or produce any evidence, then the suspension remains in effect. The burden of proof falls upon the appellant to prove the invalidity of the State's action, rather than require the State to justify its act of revocation. We hold that the District Court did not err in requiring that appellant have the initial burden of proof.

II.

Was sufficient evidence in the record to support the District Court's conclusion that the arresting officer had reasonable grounds to suspect that appellant had been driving under the influence of alcohol?

Appellant claims that the officers did not have the requisite "particularized suspicion" to investigate him. In determining whether an officer is justified in making an investigatory stop, the State must prove the existence of a "particularized suspicion." In the Matter of the Suspension of Driver's License of Blake (1986), 220 Mont. 27, 712 P.2d 1338. This can be accomplished by proving "(1) objective data from which an experienced officer can make certain inferences; and (2) a resulting suspicion that the occupant of a certain vehicle is or has been engaged in wrongdoing." Blake, 712 P.2d at 1340. An officer has reasonable grounds if the facts and circumstances within the personal knowledge of the arresting officer would be sufficient to warrant a reasonable person to believe that the defendant is under the

8

influence of alcohol. Gebhardt, 775 P.2d at 1265. In addition, we have stated that an arresting officer may rely on information conveyed by a reliable third person. Boland v. State (1990), 242 Mont. 520, 792 P.2d 1. In State v. Sharp (1985), 217 Mont. 40, 46, 702 P.2d 959, 962, the majority of the Court held that information conveyed by a "citizen informant" is considered presumptively reliable. In that case, the citizen informant reported a possible DUI and gave the license number of the vehicle, its description, and the direction it was travelling. If an officer receives a complete vehicle description, the officer has a particularized reason to question a suspect. State v. Ellinger (1986), 223 Mont. 349, 352, 725 P.2d 1201, 1203.

In this instance, the witness followed appellant's truck for a considerable amount of time and observed the vehicle swerving on the road, go partially off the road, and nearly hit a bridge. The witness reported to the dispatcher the license plate number, the description of the truck, and that she recognized the driver as appellant. She described the erratic driving and the direction the pickup was heading. She also stated that the passenger was wearing a red hat. The dispatcher relayed the information to Officer Woods. Deputy Salte testified that he was in the dispatcher's office when the witness gave the information to the dispatcher. The information was corroborated when, within five minutes, the officers located appellant's vehicle parked at the bar. At a

minimum, the citizen tip provided the officers with probable cause to investigate.

Upon entering the bar, Officer Woods located appellant, as well as his friend who was wearing a red hat, and asked appellant to step outside, to which he agreed. At this point, both officers observed that appellant had slurred speech, trouble keeping his balance, and smelled of alcohol. Appellant admitted to driving on the road and he testified that he had had two beers to drink at the bar. We hold that there was sufficient evidence to conclude that Officer Woods had reasonable grounds to suspect that appellant had been driving under the influence of alcohol and had reasonable grounds to detain him.

### III.

Did the officers have reasonable grounds to make an arrest? A founded suspicion to stop for investigative detention may ripen into probable cause to arrest through the occurrence of facts or incidents after the stop. Sharp, 702 P.2d 963. For an arrest to be valid, we must determine whether an officer had probable cause to make an arrest. This is accomplished by determining if at the time of the arrest the facts and circumstances within the officer's personal knowledge, or upon information imparted to him by a reliable source, are sufficient to warrant a reasonable person to believe that the suspect has committed an offense. Ellinger, 725 P.2d at 1202.

Both officers testified that based upon their observations they believed that appellant was under the influence of alcohol. Appellant accompanied Officer Woods to the sheriff's office where the officer spoke with the witness to confirm the information relayed by the dispatcher. At this point, Officer Woods believed she had probable cause and placed appellant under arrest. Appellant then became belligerent and refused to take a breathalyzer test. We hold that Officer Woods had probable cause to make the arrest.

We affirm.

_William E. Hunt Sr._
Justice

We concur:

_A. A. Turnage_
Chief Justice

_John Conway Harrison_

_Terry Trieweiler_

_____
Justices

11