No. 96-331

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

FORREST M. SANDERS,

Petitioner and Appellant,

v.

STATE OF MONTANA, ex rel.
DARRELL E. BECKSTROM, Chief,
DRIVER IMPROVEMENT BUREAU,

Respondent and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable Diane G. Barz, Judge Presiding.

COUNSEL OF RECORD:

        For Appellant:

        Forrest M. Sanders, Pro Se, Billings, Montana

        For Respondent:

        Honorable Joseph P. Mazurek, Attorney General;
        Jennifer Anders, Assistant Attorney General,
        Helena, Montana

        Alan J. Hall, Deputy City Attorney, Billings,
        Montana

FILED

JAN 14 1997

Filed:    Ed Smith
          CLERK OF SUPREME COURT
          STATE OF MONTANA

Submitted on Briefs: December 5, 1996

Decided:    January 14, 1997

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter and West Publishing Companies.

Forrest Sanders appeals the decision of the Thirteenth Judicial District Court, Yellowstone County, affirming the suspension of his Montana driver's license pursuant to § 61-8-402, MCA. We affirm.

We restate the following two issues raised on appeal:

1. Did the District Court err in finding that Officer Longin possessed reasonable grounds to believe that Sanders was driving under the influence of alcohol?

2. Did the District Court properly issue amended findings of fact and conclusions of law to correct an error in the procedural history of the case?

On October 30, 1995, Billings City Police Officer Tony Longin observed a vehicle make a right turn without stopping for the red light. The vehicle over-accelerated when it turned, causing it to fishtail and back end into the center lane of traffic. Officer Longin followed the vehicle and observed that it slowed at the next intersection, where it made another right turn without stopping for the red light.

Officer Longin activated his overhead lights and stopped the vehicle. The driver exited and yelled that he had not done

2

anything wrong. Officer Longin instructed the driver to return to his vehicle and then asked for his driver's license, proof of insurance, and registration. The driver produced his license, which identified him as Forrest Sanders.

Officer Longin smelled intoxicants on Sanders' breath and noticed that his speech was slurred. When Officer Longin again requested Sanders to produce his proof of insurance and registration, Sanders called him a "punk" and told him to "f--- off." Officer Longin asked Sanders to perform field sobriety tests, which Sanders refused.

Based on his experience and these observations, Officer Longin concluded that Sanders was under the influence of alcohol and arrested him. Sanders was transported to the Yellowstone County Detention Facility. There, Officer Longin read him an implied consent advisory form and requested him to submit to a breath test. Sanders refused. Accordingly, the Montana Department of Justice suspended Sanders' license pursuant to § 61-8-402, MCA.

Sanders petitioned the District Court pursuant to § 61-8-403, MCA, to review his license suspension, which it affirmed. Sanders appeals.

1. Did the District Court err in finding that Officer Longin possessed reasonable grounds to believe that Sanders was driving under the influence of alcohol?

Sanders contends that Officer Longin lacked reasonable grounds to believe that he was driving under the influence of alcohol. More specifically, he claims that the police lacked probable cause to pull him over.

3

We review a district court's denial of a petition for reinstatement of a driver's license to determine whether the court's findings of fact are clearly erroneous and its conclusions of law are correct. Bauer v. State (1996), 275 Mont. 119, 122, 910 P.2d 886, 888. In reinstatement proceedings, a presumption of correctness attaches to the State's act of revocation. The burden of proving that the suspension was improper lies with the driver. Jess v. State, Dept. of Justice, MVD (1992), 255 Mont. 254, 259-60, 841 P.2d 1137, 1140.

When the District Court considered Sanders' petition challenging his license suspension pursuant to § 61-8-403, MCA, its review was limited to whether Officer Longin had reasonable grounds to believe that Sanders was driving under the influence of alcohol. See Grinde v. State (1991), 249 Mont. 77, 79, 813 P.2d 473, 475. The reasonable grounds provided for in §§ 61-8-402 and -403, MCA, are essentially the same test as particularized suspicion provided for in § 46-5-401, MCA, and discussed in State v. Reynolds (1995), 272 Mont. 46, 47-50, 899 P.2d 540, 541-42. Bauer, 910 P.2d at 889.

Section 46-5-401, MCA, supports an investigative stop if the arresting officer has a particularized suspicion that an offense has been committed. Section 46-5-401, MCA, provides:

> **Investigative stop.** In order to obtain or verify an account of the person's presence or conduct or to determine whether to arrest the person, a peace officer may stop any person or vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense.

4

The issue of whether particularized suspicion exists in order to justify an investigative stop is fact driven. Reynolds, 899 P.2d at 542-43. If, after making a justified investigative stop, the police officer reasonably believes the driver to be under the influence of alcohol, he can make an arrest and require submission to a chemical test. Grinde, 813 P.2d at 476. An investigative stop may ripen into probable cause to arrest through the occurrence of facts or incidents after the stop. Jess, 841 P.2d at 1141.

The District Court found that Officer Longin observed Sanders' vehicle traveling on North 27th Street. The vehicle slowed for a red light, but failed to make a complete stop before making a right hand turn. While making the turn, Sanders' vehicle fishtailed into another lane of traffic. Sanders made another right turn without stopping for the red light. Based on these observations, Officer Longin concluded that additional investigation was necessary and initiated a traffic stop.

After stopping Sanders, Officer Longin smelled intoxicants and observed Sanders' slurred speech. Sanders also exhibited difficulty in finding his driver's license and refused to comply with Officer Longin's instructions to produce proof of insurance and registration. Based on these findings, the District Court concluded that Officer Longin possessed reasonable grounds to believe that Sanders was operating his vehicle while under the influence of alcohol and that his license was properly suspended pursuant to § 61-8-402(3), MCA.

5

The District Court considered the relevant factors under § 61-8-402, MCA, and properly denied Sanders' petition for reinstatement of his driver's license. We hold that the District Court's findings are supported by substantial credible evidence and are not clearly erroneous.

Sanders argues that the District Court erred when it found that the traffic lights where he failed to stop were red. He submitted testimony at the reinstatement hearing from Scott Spurlock, Billings City Signal Supervisor, concerning the timing and sequence of traffic lights in downtown Billings, in an attempt to prove that it would be impossible for him to run two consecutive red lights. The court found Spurlock's "confusing testimony" did not confirm Sanders' theory that it was impossible for him to run two consecutive red lights because Spurlock did not know at what speed Sanders was traveling. Witness credibility and the weight to be given to their testimony are to be determined by the trier of fact, and disputed questions of fact and credibility will not be disturbed on appeal. State v. Ahmed (1996), 924 P.2d 679, 686, 53 St.Rep. 804, 808, petition for cert. filed, (U.S. Nov. 25, 1996) (No. 96-6901).

We affirm the District Court's order denying Sanders' request to permanently enjoin the Montana Department of Justice from suspending his driver's license and dissolving its previous order granting him interim injunctive relief.

2. Did the District Court properly issue amended findings of fact and conclusions of law to correct an error in the procedural history of the case?

6

Following the reinstatement hearing, on May 8, 1996, the court issued findings and conclusions that summarized the history of the case:

> Petitioner, Forrest Sanders, pursuant to § 61-8-403, MCA, requests this Court reinstate his driving privileges which were suspended for a period of 90 days by the State of Montana . . . on or about October 30, 1995.

On May 15, 1996, the court issued amended findings and conclusions that restated the previous findings and conclusions, except that the ninety-day license suspension was amended to six months. Sanders claims that the District Court lacked jurisdiction to amend his license suspension from ninety days to six months. We are unpersuaded by Sanders' argument.

The Montana Department of Justice is responsible for determining the applicable driver's license suspension period in accordance with § 61-8-402, MCA. A notable exception to this rule is explained in Matter of Orman (1986), 224 Mont. 332, 731 P.2d 893. In Orman, a police officer mistakenly informed a defendant that if he failed to submit to the offered chemical test pursuant to § 61-8-402, MCA, that his license would be suspended for ninety days. The officer was unaware that the defendant had previously declined a similar chemical test in the last five years. We concluded that under the circumstances, the defendant could not have his license suspended for a period longer than that explained to him by the officer. Orman, 731 P.2d at 895.

That is not the situation here. Neither party presented evidence at the reinstatement hearing that Officer Longin had informed Sanders that his license would be suspended for a period

7

less than six months.  After the hearing, Sanders' attorney  signed a stipulation that Sanders had been read an implied consent form notifying him of the six-month suspension.  Sanders cannot argue now that he was read anything different.

We hold that the District Court properly amended its findings of fact and conclusions of law affirming the six-month suspension of Sanders' license.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

8

January 14, 1997

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Forrest M. Sanders
214 Hickory Dr.
Billings, MT 59101

Hon. Joseph Mazurek, A.G.
Jennifer Anders, Assistant
215 N. Sanders
Helena, MT 59620

Alan J. Hall, Deputy
City Attorney's Office
P.O. Box 1178
Billings, MT 59103-1178

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy