No. 01-461

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 250N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

LUTHER JOE CRASCO,

Defendant and Appellant.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and for the County of Phillips, Cause No. DC 00-010
The Honorable John C. McKeon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James W. Spangelo, Havre, Montana

For Respondent:

Mike McGrath, Montana Attorney General, Pamela P. Collins, Assistant
Montana Attorney General, Helena, Montana; Ed Amestoy, Phillips County
Attorney, Dan O'Brien, Deputy Phillips County Attorney, Malta, Montana

Submitted on Briefs:  July 10, 2003

Decided:   September 19, 2003

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Luther Joe Crasco (Crasco) appeals from the March 15, 2001 order of the Seventeenth Judicial District Court, Phillips County, denying his Motion to Suppress and Dismiss the charges of Driving a Vehicle While Under the Influence of Alcohol, first offense, § 61-8-401, MCA (1999) and Improper Passing in a No Passing Zone § 61-8-326, MCA (1999). We affirm.

### ISSUES

¶3 Crasco presents four issues on appeal, which this Court restates as two:

¶4 1. Was the District Court's denial of Crasco's Motion to Suppress and Dismiss, on the ground that the officers had particularized suspicion for an investigative stop, clearly erroneous?

¶5 2. Was the District Court's denial of Crasco's Motion to Suppress and Dismiss, on the ground that the officers had probable cause for arrest, clearly erroneous?

### FACTUAL AND PROCEDURAL BACKGROUND

¶6 On the evening of October 15, 1999, Phillips County Sheriff's Deputy Larry Solberg and Reserve Deputy Allen Guderjahn approached the Milk River Bridge from the westbound

2

lane of U.S. Highway 2. They observed an eastbound small, dark truck cross the double line into the westbound lane, passing two eastbound vehicles in a no-passing zone on the bridge.

¶7     Deputy Solberg pulled off the road to avoid the oncoming vehicle in his lane of travel. As Guderjahn watched the departing truck, Deputy Solberg drove across the bridge, turned his patrol vehicle around in a parking lot, and drove east across the bridge to follow the truck. After traveling a short distance on Highway 191, the deputies came up behind a green Ford Ranger pickup truck driven by Crasco. They witnessed the truck drive around an obstruction in the road and pull into the parking lot of a convenience store. Crasco's truck circled around the store's gas pumps and turned to re-enter Highway 191 when the deputies executed a traffic stop.

¶8     Crasco maintains that the deputies stopped the wrong truck. Both he and his passenger, son Brandon Crasco, testified that they did not pass any vehicles on the Milk River Bridge, did not see any other vehicles on the bridge, and did not see a truck pass other vehicles. While the deputies conceded that they saw neither the driver nor the license number of the pickup which executed the illegal pass, both deputies testified that they did not lose sight of the suspect vehicle and that they were certain Crasco's truck was the vehicle they witnessed performing the illegal pass on the bridge. However, as Crasco notes, there was some discrepancy in the deputies' testimony and reports as to their exact location at the time they observed the illegal maneuver. Guderjahn admitted it was possible he may have lost sight of the truck momentarily as Deputy Solberg turned the patrol vehicle around.

3

¶9 Crasco admitted he had consumed a few beers and Deputy Solberg testified that he smelled alcohol on Crasco when he approached Crasco's truck. Because Deputy Solberg observed clues which suggested Crasco might be under the influence of alcohol, the deputies radioed Montana Highway Patrolman Ralph Atchley to borrow his Portable Breath Test (PBT) unit. After Patrolman Atchley arrived, Crasco refused to take a PBT test. He did not perform the walk and turn because he stated he had bad knees and the officers believed the ground slope was too steep for the test to yield reliable results.

¶10 Patrolman Atchley took over the arrest of Crasco because, he stated, he needed "the stats." He issued a citation for Driving a Vehicle While Under the Influence of Alcohol, first offense, § 61-8-401, MCA (1999), based on his own observations, and a citation for Improper Passing in a No Passing Zone, § 61-8-326, MCA (1999), based on the information given to him by the deputies.

¶11 Crasco was found guilty of both offenses after a Justice Court bench trial. Crasco then appealed to District Court. He filed a Pretrial Motion to Suppress and Dismiss, which was denied by the District Court. Crasco pled guilty as part of a plea agreement filed March 28, 2001, reserving his right to appeal the District Court's order denying his Motion. This appeal timely followed.

## STANDARD OF REVIEW

¶12 The standard of review for a district court's denial of a motion to suppress is whether the court's findings of fact are clearly erroneous, and whether those findings were correctly applied as a matter of law. *State v. Flack* (1993), 260 Mont. 181, 188, 860 P.2d 89, 92, 94.

4

*See also State v. Williams* (1995), 273 Mont. 459, 462, 904 P.2d 1019, 1021. A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the trial court misapprehended the effect of the evidence, or if this Court is left with a definite and firm conviction that the district court made a mistake. *State v. Doyle*, 1998 MT 195, ¶ 10, 240 Mont. 287, ¶ 10, 963 P.2d 1255, 1257, quoting *State v. Cassell* (1996), 280 Mont. 397, 400, 932 P.2d 478, 479.

## DISCUSSION

## ISSUE ONE

¶13 Was the District Court's denial of Crasco's Motion to Suppress and Dismiss, on the ground that the officers had particularized suspicion for an investigative stop, clearly erroneous?

¶14 Determining whether an officer has the requisite "particularized suspicion" for a valid investigatory stop under § 46-5-401, MCA, invokes a two-part test first enunciated by the United States Supreme Court in *United States v. Cortez* (1981), 449 U.S. 411, 101 S. Ct. 690, 66 L.Ed.2d 621, and adopted by this Court in *State v. Gopher* (1981), 193 Mont. 189, 631 P.2d 293. This Court explained that, in asserting that an officer had the particularized suspicion to make an investigatory stop, "[t]he State's burden has two elements: (1) objective data from which an experienced officer can make certain inferences; and (2) a resulting suspicion that the occupant of a certain vehicle is or has been engaged in wrongdoing or was a witness to criminal activity." *Gopher*, 193 Mont. at 194, 631 P.2d at 296. This Court has explained that the existence of particularized suspicion is a question of fact dependent upon

5

the totality of circumstances. *State v. Reynolds* (1995), 272 Mont. 46, 50, 899 P.2d 540, 543.

¶15 Here, the District Court concluded that the State demonstrated that sufficiently credible evidence existed from which the deputies could reach certain inferences and suspect Crasco was engaged in wrongdoing. The District Court noted that Crasco admitted to operating a vehicle matching the description of the suspect vehicle in the same area at the same time, that Deputy Solberg was an experienced police officer, and that his testimony was largely corroborated by Reserve Deputy Guderjahn. Barring clear error by the District Court, this Court will not disturb its findings.

¶16 We conclude that, based upon the evidence submitted, the District Court's finding that the officers had particularized suspicion for an investigative stop was not clearly erroneous. Thus, this Court declines to disturb it.

### ISSUE TWO

¶17 Was the District Court's denial of Crasco's Motion to Suppress and Dismiss, on the ground that the officers had probable cause for arrest, clearly erroneous?

¶18 Crasco next argues that the District Court erred in denying his motion to dismiss because the officers lacked probable cause for his arrest.

¶19 A peace officer may arrest a person when a warrant has not been issued if the officer has probable cause to believe that the person is committing an offense or that the person has committed an offense and existing circumstances require immediate arrest. Section 46-6-311(1), MCA (1999). Probable cause is established if the facts and circumstances within an

6

officer's personal knowledge, or related to the officer by a reliable source, are sufficient to warrant a reasonable person to believe that another person is committing or has committed an offense. *State v. Williamson*, 1998 MT 199, ¶ 12, 290 Mont. 321, ¶ 12, 965 P.2d 231, 234, citing *Jess v. State Dept. of Justice, MVD* (1992), 255 Mont. 254, 261, 841 P.2d 1137, 1141.

¶20    Patrolman Atchley testified that the deputies contacted him on the radio and informed him they had stopped a possible DUI. When he arrived, he inquired as to their reason for stopping the vehicle and they informed him they had observed the vehicle illegally pass other vehicles on Highway 2. Patrolman Atchley observed that Crasco had bloodshot eyes and slurred speech, and he detected an odor of alcohol. Patrolman Atchley testified that based on his firsthand observations and the statements from the deputies that Crasco had been driving the vehicle, it was appropriate to place Crasco under arrest for DUI. Patrolman Atchley further testified that he issued a citation for passing in a no-passing zone based on the statements of the deputies.

¶21    The facts and circumstances within Patrolman Atchley's personal knowledge were Crasco's behavior and the odor of alcohol. Further information was related to him by reliable sources--the deputies--indicating that Crasco had committed the offense of passing in a no-passing zone. Based on the information available, Patrolman Atchley had probable cause to arrest Crasco for the two offenses.

7

¶22 We conclude that, based upon the evidence submitted, the District Court's finding of probable cause for Crasco's arrest was not clearly erroneous. Thus, this Court declines to disturb it.

## CONCLUSION

¶23 For the foregoing reasons, we affirm the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE