FILED

05/09/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0436

DA 16-0436

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 113N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RICHARD RAY KELM,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC-16-6
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Dustin M .Chouinard, Markette & Chouinard P.C., Hamilton, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

          William Fulbright, Ravalli County Attorney, William Lower, Deputy
Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  March 8, 2017

Decided:  May 9, 2017

Filed:

                                 Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Richard Ray Kelm (Kelm) appeals from the Opinion and Order entered in the Twenty-First Judicial District, Ravalli County, affirming the Justice Court's denial of his Motion to Suppress Evidence and Dismiss Charge. We affirm.

¶3 Kelm was charged with Driving Under the Influence (DUI) in Justice Court and, following the Justice Court's denial of his motion to suppress, Kelm entered a plea of guilty to DUI. Pursuant to § 46-12-204(3), MCA, Kelm reserved his right to appeal the denial of his suppression motion. The issue on appeal is whether the District Court, on appeal from a justice court, correctly found that the arresting officer had particularized suspicion to conduct an investigative stop.

¶4 On April 25, 2015, Ravalli County Sheriff Sergeant Jesse Jessop (Sergeant Jessop) was driving southbound on Highway 93 in Hamilton, Montana, at approximately midnight, when he observed a Jeep in front of him. The driver of the Jeep, later identified as Kelm, appeared to be weaving within his lane. Sergeant Jessop activated his in-car camera and, seconds later, Kelm turned right into the Albertsons' parking lot and stopped. Sergeant Jessop then deactivated his in-car camera and drove past the Albertsons' parking lot, paying attention to the Jeep's movements. Sergeant Jessop believed, correctly, that the

2

Albertsons and other businesses connected to the parking lot were closed for the evening. Sergeant Jessop turned into the K-Mart parking lot, which is attached to the Albertsons' parking lot and preceded towards Kelm.

¶5 Sergeant Jessop observed Kelm drive slowly towards the closed K-Mart, which law enforcement had received a large number of alarms about possible criminal conduct. Kelm was parked close to the entrance of the K-Mart. Sergeant Jessop decided to initiate a traffic stop based on Kelm's weaving within traffic lanes; lateness of the hour; how quickly Kelm turned off of Highway 93 into a closed business after Sergeant Jessop observed him; and Kelm's conduct of driving slowly past the front of the business, given the number of alarms law enforcement had recently received of possible criminal conduct at the businesses. The stop ultimately ripened into a DUI investigation and resulted in Kelm being charged with DUI.

¶6 Sergeant Jessop, at the motion hearing, elaborated that Kelm's weaving from side to side within his lane, coupled with the time of night, initially concerned Sergeant Jessop that Kelm might be impaired. Sergeant Jessop also testified that impaired drivers often turn off the road after noticing a patrol vehicle behind them. It was also known to Sergeant Jessop that K-Mart had been having problems with alarms going off after hours, so in his words "it was a two-part suspicion for me; one was the driving and two was [] what's someone doing here at Albertson[]s or K-Mart at just after midnight."

¶7 We review a motion to suppress to determine whether a district court's findings of fact are clearly erroneous and whether the court's conclusions of law are correct. *State v. Loiselle*, 2001 MT 174, ¶ 6, 306 Mont. 166, 30 P.3d 1097. A finding is clearly erroneous

if not supported by substantial evidence, if the lower court has misapprehended the effect of the evidence, or if we are left with a definite and firm conviction that the lower court made a mistake. *State v. Dupree*, 2015 MT 103, ¶ 8, 387 Mont. 499, 346 P.3d 1114.

¶8 An officer may "stop any person or vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense." Section 46-5-401(1), MCA. To have particularized suspicion, the officer must have (1) objective data and articulable facts from which he can make certain reasonable inferences, and based on those facts or data (2) a resulting suspicion that the person has committed, is committing, or is about to commit an offense. *State v. Wagner*, 2013 MT 159, ¶ 10, 370 Mont. 381, 303 P.3d 285.

¶9 When legality of a stop is at issue it is the State's burden to show there were sufficient facts and data on which law enforcement can reasonably rely to infer criminal activity. *State v. Clark*, 2009 MT 327, ¶ 12, 353 Mont 1, 218 P.3d 483. Observing a traffic offense is sufficient but not necessary to establish particularized suspicion. *See State v. Flynn*, 2011 MT 48, ¶¶ 7-9, 359 Mont. 376, 251 P.3d 143; *see also State v. Cameron*, 2011 MT 276, ¶ 15, 362 Mont. 411, 264 P.3d. 1136. When determining if particularized suspicion was present, we look at the totality of the circumstances. *State v. Pratt*, 286 Mont. 156, 161, 951 P.2d 37, 40 (1997). The time of day, the location of the stop, and the defendant's driving behavior are permissible factors in determining the totality of the circumstances. *Weer v. State*, 2010 MT 232, ¶ 10, 358 Mont. 130, 244 P.3d 311.

¶10 We conclude, based upon the totality of the circumstances, that the District Court's finding that Sergeant Jessop had the necessary particularized suspicion to make an

investigative stop was not clearly erroneous. Based upon Sergeant Jessop's training and experience, *Wagner*, ¶ 10, he is aware that weaving within a traffic lane can be a sign of impairment. Further, Sergeant Jessop is aware that when an impaired driver realizes an officer has observed him, the driver will exit the roadway to avoid further observation. This, in conjunction with turning into a closed business late at night, provided Sergeant Jessop with the necessary particularized suspicion for the stop. We find the District Court's findings were not clearly erroneous and were supported by evidence.

¶11     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of relevant standards of review.

¶12     Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR