NO. 94-013

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

         Plaintiff and Respondent,

    -vs-

DIANE MARIE FELAND,

         Defendant and Appellant.

FILED

OCT 13 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Ninth Judicial District,
                In and for the County of Toole,
                The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

         For Appellant:

              James A. Johnson; Johnson & Hunt,
              Shelby, Montana

         For Respondent:

              Hon. Joseph P. Mazurek, Attorney General,
              Cregg Coughlin, Assistant Attorney General,
              Helena, Montana

              Merle J. Raph, Toole County Attorney,
              Shelby, Montana

                        Submitted on Briefs:  May 19, 1994

                                Decided:  October 13, 1994

Filed:

                        _____
                                   Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Diane Feland was convicted on guilty pleas to two drug-related charges in the Ninth Judicial District Court, Toole County. She appeals the District Court's denial of her motion to suppress all evidence resulting from an allegedly invalid search warrant, urging that the court erred in concluding that she was not entitled to an evidentiary hearing regarding the search warrant. We affirm.

In November, 1992, Toole County Deputy Sheriff Glenn Kurkowski (Kurkowski) met with a confidential informant who told Kurkowski he had recently visited the home of Diane Feland (Feland). The informant stated that, while at Feland's home, he was shown a plastic bag purportedly containing marijuana, a dragon-shaped pipe, rolling papers, and other items of drug paraphernalia stored in a lamp stand located in the living room. The informant also described a marijuana plant growing in the living room and said he had been told another plant was growing in the first-floor bedroom. Finally, the informant said that Feland's daughter told him Feland recently had purchased $300 worth of marijuana.

Based on this information, Kurkowski applied for and received a search warrant. Containers of marijuana, items of drug paraphernalia, and a grow light were found during the search of Feland's home.

Based on the items seized during the search and Feland's admissions that she had drugs and paraphernalia on the premises and smoked the marijuana, the Toole County Attorney moved for leave to file an information. The District Court granted the motion and the

County Attorney filed an information charging Feland with felony possession of dangerous drugs and misdemeanor possession of drug paraphernalia. Feland pled not guilty to both charges.

Feland then challenged the validity of the search warrant and moved to suppress all evidence and admissions obtained via that warrant. She asserted that certain of the informant's statements contained in Kurkowski's application for the search warrant (warrant application) were knowingly or intentionally false or made with reckless disregard for the truth. She argued that if the false material were excised from the application, insufficient information remained to establish probable cause for the issuance of the search warrant. The District Court denied Feland's motion to suppress without holding an evidentiary hearing.

Feland subsequently entered, and the court accepted, guilty pleas to the offenses charged. The District Court imposed a two-year deferred sentence on the felony offense and a six-month suspended sentence on the misdemeanor offense. The court's judgment authorizes Feland to appeal the denial of her motion to suppress pursuant to § 46-12-204(3), MCA. Feland appeals.

In denying Feland's motion, the District Court concluded that she failed to make a substantial preliminary showing that false information was contained in the warrant application and, thus, that she was not entitled to an evidentiary hearing on the veracity of the statements in the warrant application. Feland contends that she made the showing necessary to entitle her to an evidentiary hearing. We review a district court's denial of an evidentiary

3

hearing for a clear abuse of discretion. State v. Wilson (1985), 218 Mont. 359, 363, 708 P.2d 270, 272.

The Fourth Amendment to the United States Constitution specifically provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation . . . ." The assumption underlying the issuance of a search warrant is that the factual showing establishing probable cause must be "'truthful' in the sense that the information put forth [in the warrant application] is believed or appropriately accepted by the affiant as true." Franks v. Delaware (1978), 438 U.S. 154, 165, 98 S.Ct. 2674, 2681, 57 L.Ed.2d 667, 678.

In Franks, the Supreme Court adopted a procedure for challenging the truthfulness of factual statements contained in an application for a search warrant. An evidentiary hearing on such a challenge is not required unless the defendant first makes a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant [application]," and that the false statement was necessary to a finding of probable cause. Franks, 438 U.S. at 155-56.

We adopted the Franks procedure for challenging the validity of a warrant affidavit in State v. Sykes (1983), 194 Mont. 14, 20, 663 P.2d 691, 695. A substantial preliminary showing of a deliberate falsehood or reckless disregard for the truth requires more than a conclusory statement. State v. Mosley (1993), 260 Mont. 109, 116, 860 P.2d 69, 73 (citation omitted). The defendant

4

must make an offer of proof containing "affidavits, sworn statements or other reliable witness statements which tend to prove that false statements in the application were deliberately made." Mosley, 860 P.2d at 73 (citation omitted). We emphasized in Mosley, as had the Supreme Court in Franks, that "[i]nformation contained in a warrant application will be deemed truthful when the information put forth is believed or appropriately accepted by affiant." Mosley, 860 P.2d at 73 (citation omitted) (emphasis added).

Feland challenged the veracity of the informant's statements set forth by Kurkowski in the warrant application in a brief submitted to the District Court; no affidavits or sworn statements were appended. With regard to the informant's statements describing marijuana and drug paraphernalia stored in a lamp stand, a marijuana plant growing in the living room, and an alleged discussion with her daughter about a marijuana purchase, she asserts that she or a member of her family is prepared to deny the truth of each of those statements. On that basis, Feland argues that the brief constitutes a sufficient preliminary showing to entitle her to an evidentiary hearing under Sykes. We disagree.

Feland's challenge to the informant's statements is similar to the general challenge presented by the defendant in Sykes. There, the defendant produced an affidavit by his wife stating that she was at home and that no stranger or person "likely to have seen the marijuana" was in the house the day preceding the search. Sykes, 663 P.2d at 692-93. We observed that although the affidavit

5

alleged that no strangers were present, **it did not preclude an** acquaintance who saw the marijuana and reported it to the police. Svkes, 663 P.2d at 695. We concluded that the defendant's affidavit was insufficient to make a substantial preliminary showing that the warrant affidavit contained false information. Svkes, 663 P.2d at 695-96.

Here, Feland's challenge relates to the alleged falsity of the confidential informant's statements and contains no affidavits, sworn witness testimony, or other reliable witness testimony. She relies on unsupported, general denials of the informant's statements. As in Svkes, we conclude that Feland's challenge does not constitute the substantial preliminary showing of falsity or reckless disregard for the truth required to entitle her to an evidentiary hearing.

More importantly, however, Feland's focus on the alleged falsity of the informant's statements does not address the primary factor required for a substantial preliminary showing under Franks and Mosley, which is that the affiant--deliberately or with reckless disregard for the truth--included false statements in the warrant application. Feland did not allege, much less make any showing in support of such an allegation, that a single one of Kurkowski's statements was deliberately false or made by him with reckless disregard for the truth. We hold, therefore, that the District Court did not abuse its discretion in denying Feland an evidentiary hearing on the veracity of the information contained in the warrant application and in denying her motion to suppress.

6

Affirmed.

Karla M. Gray
_____
Justice

We concur*:

_____
Chief Justice

_____

_____
Justices

Justice Terry N. Trieweiler specially concurring.

I concur with the result of the majority's opinion. However, I do not agree with all that is said by the majority in that opinion.

Specifically, for the reasons stated in my dissent to *State v. Mosley* (1993), 260 Mont. 109, 860 P.2d 69, I would not mechanically follow the U.S. Supreme Court's decision in *Franks v. Delaware* (1978), 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667.

In the determination of what information should be excised from an application for a search warrant before considering whether there was probable cause to issue the search warrant, I would excise all false information. I fail to see why a search is reasonable when based totally on misrepresentations simply because the person whose privacy has been invaded cannot prove a dishonest intent by the person who sought the warrant. As stated by Judge Frankel in *United States v. Halsey* (S.D.N.Y. 1966), 257 F. Supp. 1002, 1005, affd, Docket No. 31369 (CA2, June 12, 1967) (unreported), and quoted with approval in *Franks:*

> [W]hen the Fourth Amendment demands a factual showing sufficient to comprise 'probable cause,' the obvious assumption is that there will be a *truthful* showing.

*Franks,* 438 U.S. at 164-65 (alteration in original). The Court went on to state that

> [t]his does not mean "truthful" in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that

8

sometimes must be garnered hastily.  But surely it is to be "truthful" in the sense that the information put forward is believed or appropriately accepted by the affiant as true.

*Frank-s, 438* U.S. at 165.

Based on Montanans' independent state right to be free from unreasonable searches and seizures provided for in Article II, Section 11, of the Montana Constitution, I would adopt the following variation of the rule established in ***Franks*** for challenging the veracity of a sworn statement used by police to secure a search warrant:  When a defendant makes a substantial preliminary showing that false information was included in the application or affidavit offered in support of a search warrant, a hearing must be held at the defendant's request.  At that hearing, the defendant bears the burden of proving by a preponderance of the evidence that the information offered is untrue.  The untruthful information must be excised from the application, and a determination must be made whether there is sufficient probable cause without the excised information.  If not, the search warrant must be voided and the fruits of the search excluded.

I agree with the ***Franks*** decision, and with this Court's decision in *Mosley*, that to mandate an evidentiary hearing, the challenger's attack must be based on more than conclusory statements made by counsel, but instead must take the form of an affidavit or some other reliable form of proof.

I also agree with this Court's conclusion in *State v. Sykes* (1983), 194 Mont. 14, 20, 663 P.2d 691, 695, that:

> Where the affidavits contain factual inaccuracies that do not go to the integrity of the affidavit because they are of only peripheral relevance to the showing of probable cause, the search warrant remains valid.

I concur with the majority's decision to affirm the District Court for two reasons. First, defendant's attack on the State's search warrant in this case was not supported by affidavits or other reliable information, but merely by counsel's conclusory statements. Second, even if all the statements and the application were excised, except the statement that the State's informant had seen a plastic bag of marijuana being stored in a lamp stand in the living room, there was still sufficient probable cause to issue the search warrant. Defendant disputes that the plastic bag of marijuana was stored in a lamp stand. She contends it was actually stored in an end table. However, to the extent that the distinction between a lamp stand and an end table is a factual inaccuracy, it did not go to the integrity of the affidavit and was of peripheral relevance to the showing of probable cause.

Therefore, while I decline to follow lock-step with the U.S. Supreme Court's erosion of Fourth Amendment rights in *Franks,* I concur with the majority's decision to affirm the District Court.

_____
Justice

10

October 13, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


James A. Johnson
JOHNSON & HUNT
P.O. Box 731
Shelby, MT 59474

Merle J. Raph
TOOLE COUNTY ATTORNEY
P. 0. Box 730
Shelby, MT 59474

Hon. Joseph P. Mazurek, Attorney General
Cregg W. Coughlin, Assistant
Justice Building
Helena, MT 59620


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _N. Gallagher_
Deputy