No. 04-094

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 77

STATE OF MONTANA,

Plaintiff and Respondent,

v.

THOMAS W. SCHULKE,

Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula, Cause No. DC 2003-333,
The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Steve Fletcher, Bulman Law Associates, P.L.L.C., Missoula, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

Fred Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  August 25, 2004

Decided:  March 29, 2005

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      On March 28, 2003, law enforcement cited Thomas W. Schulke (Schulke) for operating a vehicle while under the influence of alcohol (DUI) in violation of § 61-8-401, MCA, and possession of alcohol while under the age of 21 in violation of § 45-5-624, MCA. Schulke filed a motion to suppress and dismiss. The Justice Court denied this motion and Schulke pled guilty pursuant to a conditional plea agreement as authorized by § 46-12-204(3), MCA. The Justice Court sentenced Schulke pursuant to the plea agreement. Schulke appealed the denial of his suppression motion to the District Court. The District Court affirmed the Justice Court and remanded. Schulke moved the District Court to reconsider and it denied this motion and remanded for execution of the sentence. Schulke appeals the District Court's orders.

¶2      We restate and address the issues before us as follows:

¶3      1. Did the District Court err in affirming the Justice Court's conclusion that the officer had sufficient facts to form a particularized suspicion allowing him to stop Schulke?

¶4      2.  Did the District Court err in not granting Defendant a trial *de novo* in District Court following Schulke's conditional plea in Justice Court?

¶5      3. Did the District Court err in not granting a hearing in open court on Schulke's motion to suppress?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶6      Schulke was arrested for DUI in March of 2003. He appeared in Justice Court with counsel and moved to suppress all evidence and dismiss the complaint based on his argument that the officer did not have sufficient facts supporting a particularized suspicion to make a

2

traffic stop. The Justice of the Peace denied Schulke's motion. Schulke then pled guilty preserving his right to appeal the particularized suspicion issue. The Justice Court sentenced Schulke pursuant to the plea agreement.

¶7 Schulke duly appealed the Justice Court's denial of his motions to suppress and to dismiss to the District Court. The District Court affirmed the Justice Court and remanded to the Justice Court.

¶8 Schulke moved the District Court to reconsider, this time alleging he was not informed by the Justice of the Peace that he was waiving a trial *de novo* in district court when he entered the conditional guilty plea and this failure entitles him to a trial *de novo* in district court. Further, Schulke argued that he was denied an evidentiary hearing on the suppression issue. This motion was also denied. The District Court again entered an order of remand to Justice Court, noting that a trial *de novo* in district court was procedurally barred by Schulke's guilty plea in Justice Court and that Schulke had not requested a suppression hearing. Thereafter, Schulke appealed to this Court.

¶9 Additional facts are set forth below as necessary.

## STANDARD OF REVIEW

¶10 We review the District Court's denial of Schulke's motion to suppress to determine whether its finding that the officer had particularized suspicion to justify the investigatory stop is clearly erroneous and whether its conclusions of law are correct. *See State v. Loiselle,* 2001 MT 174, ¶ 6, 306 Mont. 166, ¶ 6, 30 P.3d 1097, ¶ 6. We review a district court's denial of an evidentiary hearing for a clear abuse of discretion. *State v. Feland* (1994), 267 Mont. 112, 114, 882 P.2d 500, 501.

3

**DISCUSSION**

**ISSUE 1**

¶11    **Did the District Court err in affirming the Justice Court's conclusion that the officer had sufficient facts to form a particularized suspicion allowing him to stop Schulke?**

¶12    Schulke argues that the officer lacked sufficient facts to form the required particularized suspicion necessary to stop his vehicle.

¶13    To determine if a police officer has sufficient facts to form a particularized suspicion of wrongdoing which would justify an investigative stop, the State must show: (1) objective data from which an experienced officer could make certain inferences, and (2) a resulting suspicion that the occupant of the vehicle in question is or has been engaged in some wrongdoing. *Moore v. State*, 2002 MT 315, ¶ 10, 313 Mont. 126, ¶ 10, 61 P.3d 746, ¶ 10. "Whether a particularized suspicion exists is a question of fact dependent on the totality of the circumstances surrounding the investigative stop." *Moore*, ¶ 10.

¶14    The pertinent portion of the investigating officer's report, which is in evidence, states:

> I watched as a red Camero attempted to make a right hand turn northbound onto Reserve street from River road. The car crossed over the slow lane, most of the fast lane, and ended up straddling the fast and center lane of traffic. The center turn lane, where the red Camero was, is used for car's [sic] traveling southbound, and turning east onto River road . . . .

> I turned around and began following the car. The car was still straddling the fast and center lane for awhile, and then drifted slowly into the fast lane. Then, the car drifted slowly across the dividing line between the fast and slow lane, and stayed there for a couple of seconds. The car then slowly went into the slow lane, at which time the car's right turn signal came on, for a brief period, and then turned off.

4

¶15    The officer's report indicates that Schulke was driving at 2:30 a.m.; a time bars are closing. At one point the officer observed that Schulke, traveling northbound, was actually driving, in part, in a lane reserved for traffic traveling southbound. The officer also reported that following his observations, he was "[f]eeling very confident that the driver [Schulke] was impaired."

¶16    Based upon these facts, the Justice Court determined that a statutory traffic violation had occurred noting: "[t]he officer had particularized suspicion that a criminal offense occurred, e.g. improper lane travel according to 61-8-328 MCA." A statutory violation alone is sufficient to establish particularized suspicion for an officer to make a traffic stop. *State v. Brander,* 2004 MT 150, ¶ 6, 321 Mont. 484, ¶ 6, 92 P.3d 1173, ¶ 6.

¶17    Even if a defendant does not violate a specific traffic law, the officer still may form a particularized suspicion, under the totality of the circumstances, sufficient to make an investigatory stop. *Brander,* ¶ 6 ("while observation of a traffic offense naturally gives rise to a particularized suspicion, it is not necessary that an officer observe a moving violation to support a particularized suspicion of driving under the influence").

¶18    Despite Schulke's argument to the contrary, we do not require an investigating officer to identify a particular statutory violation and/or cite a defendant for a moving violation to establish a particularized suspicion. *See State v. Van Kirk*, 2001 MT 184, 306 Mont. 215, 32 P.3d 735 (concluding that particularized suspicion existed to stop driver based upon erratic driving although driver was ultimately cited for DUI, lack of insurance, driving with a revoked license, and failure to carry proof of vehicle registration—all traffic violations that the officer could not verify and/or discover until after the initial stop). Here, the fact that

5

Schulke was not cited for anything beyond DUI and minor in possession of alcohol does not destroy the officer's particularized suspicion to make a stop based upon erratic driving.

¶19 We conclude that the Justice Court's finding that the officer had sufficient facts to form a particularized suspicion allowing him to legally stop Schulke, affirmed by the District Court, is not clearly erroneous.

## ISSUE 2

¶20 **Did the District Court err in not granting Defendant a trial *de novo* in District Court following Schulke's conditional plea in Justice Court?**

¶21 Schulke argues that the Justice of the Peace failed to "specifically advise the defendant that the conditional plea results in a waiver of his trial de novo in district court," and this failure violated § 46-17-203(2), MCA (1999), which provided, at that time, as follows:

> A plea of guilty or nolo contendere in a justice's court, city court, or other court of limited jurisdiction waives the right of trial de novo in district court. A *defendant must be informed of the waiver* before the plea is accepted, and the justice or judge shall question the defendant to ensure that the plea and waiver are entered voluntarily. [Emphasis supplied].

Thus, Schulke argues, even though he has made no motion to withdraw his guilty plea, he is entitled to a trial *de novo* in district court.

¶22 As the offense in this case was committed March 28, 2003, § 46-17-311, MCA, (1999), is applicable:

> (1) Except as provided in subsection (4) [not applicable here] and except for cases in which legal issues are preserved for appeal pursuant to 46-12-204, all cases on appeal from a justice's or city court must be tried anew in the district court . . . .

6

Based on this clear statutory language, when Schulke pled guilty in Justice Court reserving his right to appeal the denial of his motions to suppress and to dismiss pursuant to § 46-12-204(3), MCA, he brought himself within the exception to the requirement for a trial *de novo* in district court.

¶23    In *State v. Feight,* 2001 MT 205, ¶ 15, 306 Mont. 312, ¶ 15, 33 P.3d 623, ¶ 15, we determined § 46-17-311, MCA, procedurally requires adjudication of a matter by trial in a justice or city court as a prerequisite for a trial *de novo* on appeal to district court.   We also held that § 46-17-311, MCA, provides the exclusive statutory remedy for appeals from the courts of limited jurisdiction.  *Feight,* ¶ 15.  Schulke only preserved the right to appeal the Justice Court's denial of his motion to suppress and dismiss to district court.  He had no right to a trial *de novo* in district court.

¶24    Schulke's argument that he is entitled to a trial *de novo* is also procedurally deficient. He at no time moved in the Justice Court to withdraw his guilty plea on the grounds that it was not knowingly, intelligently, and voluntarily made.  Therefore, we decline to address any argument regarding alleged deficiencies in the Justice Court's inquiry into the voluntariness of the plea.

¶25    Finally, Schulke cites no authority supporting his position that he is somehow entitled to the remedy of a trial *de novo* in district court.  We decline to address an issue when the appellant fails to cite supporting authority.  *State v. Ellenburg,* 2000 MT 232, ¶ 49, 301 Mont. 289, ¶ 49, 8 P.3d 801, ¶ 49.

**ISSUE 3**

¶26    **Did the District Court err in not granting a hearing in open court on Schulke's**

7

**motion to suppress?**

¶27 Schulke argues on appeal that his conviction should be reversed because the District Court did not hold a suppression hearing, but confined its analysis to whether the Justice Court erred in its determination, and then remanded the case for sentencing. The State argues that Schulke failed to request an evidentiary hearing and only argued he was entitled to suppress the evidence as a matter of law based on the officer's report.

¶28 Absent a statutory requirement, a district court may exercise its discretion in determining whether or not to hold a hearing on a suppression motion. Section 46-13-104(2), MCA. An evidentiary hearing is required on a suppression motion under Section 46-13-302(2), MCA, "if the [suppression] motion states facts that, if true, would show that the evidence should be suppressed, the court shall hear the merits of the motion at the omnibus hearing or at a later date if the court orders." An evidentiary hearing is unnecessary when facts are uncontested and the court is asked to make a decision as a matter of law. *State v. Shook,* 2002 MT 347, ¶ 19, 313 Mont. 347, ¶ 19, 67 P.3d 863, ¶ 19.

¶29 Although Schulke argues in this Court that he is entitled, and indeed requested, an evidentiary hearing, this was not his position in the Justice Court. Such a request was not made until Schulke moved the District Court to reconsider its order affirming the Justice Court's denial of his motion to suppress.

¶30 In response to the State's objection to his motion and brief to suppress and to dismiss in Justice Court, Schulke stated that an "evidentiary hearing would be superfluous." The Justice Court's order denying Schulke's motion to suppress and dismiss states, in pertinent part, "[s]ince the Defense did not request a hearing, and additionally, deemed the hearing

8

superfluous, the Court makes its decision based on the briefs . . . ."

¶31    In his appeal of the particularized suspicion issue to the District Court, Schulke argued in his reply brief, that "[u]nless the State can produce evidence or an independent witness at an evidentiary hearing that there is objective data to support the officers [sic] observations, the counts against the Defendant must be dismissed." This is an argument that the report, on its face, does not support a particularized suspicion. It is not a demand for an evidentiary hearing.

¶32    In Schulke's briefs before the Justice Court, in the District Court and in this Court, Schulke bases his arguments on parts of the investigating officer's report. He challenges only the interpretation of the facts set forth in the officer's report, but not the veracity of the officer's observations. Schulke has not argued that a hearing was necessary because he intended to present testimony contradicting the report.

¶33    Based upon the uncontested facts in the officer's report, the Justice Court ruled against Schulke and the District Court affirmed. Schulke now argues to this Court that he must have a hearing because the officer's report was "cited in the lower court brief as an overview of what occurred. However, it is obvious from the body of the briefs, that the Defendant disputed those facts." It is not obvious that Schulke disputed the facts in the report. What is obvious is that Schulke changed his position only when the Justice Court and the District Court ruled against him.

¶34    We decline to reverse the District Court because it did not hold an evidentiary hearing when Schulke did not request one and a hearing was not necessary to decide the issues of law presented. *See Shook,* ¶ 19 (defendant's request for an evidentiary hearing was properly

9

denied because it was not necessary to decide the issues of law presented by defendant).

## CONCLUSION

¶35    We affirm the judgment of the District Court remanding to Justice Court for execution

of its judgment.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE