FILED

June 24 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0735

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 162N

MATTHEW SCHAEFFER,

      Petitioner and Appellant,

   v.

STATE OF MONTANA,

      Respondent and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Sixth Judicial District, In and For the County of Park, Cause No. DV 13-99 Honorable Brenda R. Gilbert, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Karl Knuchel, Erik Coate, Attorneys at Law, Livingston, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant Attorney General, Helena, Montana

          Brett Linneweber, Park County Attorney, Kathleen Carrick, Deputy County Attorney, Livingston, Montana

                        Submitted on Briefs: June 4, 2014
                                        Decided: June 24, 2014

Filed:

                          _____
                                     Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The issue before the Court is whether the District Court erred in denying reinstatement of Appellant Matthew W. Schaeffer's (Schaeffer) driver's license and driving privileges.

¶3 On July 26, 2013, Schaeffer was stopped by Montana Highway Patrolman Shawn Fowler (Fowler) near the intersection of Rogers Lane and Park Street in Livingston, Montana. Fowler reported that he stopped Schaeffer after he observed Schaeffer's vehicle turn left from Rogers Lane onto Park Street in front of another vehicle, which required that vehicle to come to a complete stop to avoid a collision. After pulling Schaeffer over, Fowler suspected Schaeffer of driving under the influence of alcohol and requested him to submit to a preliminary breath test (PBT) and, later, a blood sample. Schaeffer refused to submit to the PBT or provide a blood sample.

¶4 Because of Schaeffer's refusal to provide the requested blood and breath samples, his driver's license was suspended pursuant to § 61-8-402, MCA. Schaeffer appealed his license suspension to the Sixth Judicial District Court, Park County.

¶5 Schaeffer argued to the District Court that his license should be reinstated because Fowler did not have particularized suspicion to stop him. Schaeffer argued that the dash cam video from Fowler's vehicle did not support Fowler's testimony concerning Schaeffer's

2

driving. Schaeffer further argued that Fowler incorrectly justified the stop by reference to a statute that did not apply to Schaeffer's alleged infraction. Therefore, Schaeffer argued, the District Court should have rejected Fowler's testimony as unreliable.

¶6     On October 28, 2013, the District Court denied Schaeffer's petition to reinstate his driver's license, holding:

> The Court finds that the video in this matter does not prove the facts as alleged by [Schaeffer] and that there is not any reason to doubt the credibility of the officer; that the vehicle did cause an immediate hazard; that it was reasonable to conclude, based on all of the evidence that Trooper Fowler could see more clearly than the video; and that there was particularized suspicion by Trooper Fowler that a crime was committed and therefore the stop was lawful.

¶7     We review a district court's ruling on a petition to reinstate a driver's license to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Brown v. State*, 2009 MT 64, ¶ 8, 349 Mont. 408, 203 P.3d 842. We will reverse a district court if its findings of fact are not based on substantial evidence, if the district court has misapprehended the effect of the evidence, or if our review of the record leaves us with the definite and firm conviction that a mistake has been committed. *In re Szafryk*, 2010 MT 90, ¶ 18, 356 Mont. 141, 232 P.3d 361. In matters of witness credibility, we defer to the district court. *State v. Billman*, 2008 MT 326, ¶ 45, 346 Mont. 118, 194 P.3d 58. Because the suspension of a driver's license is presumed to be correct, the petitioner bears the burden of proving that the State's action was improper. *Brown*, ¶ 8.

¶8     To determine if a police officer has sufficient facts to form a particularized suspicion of wrongdoing which would justify an investigative stop, the State must show: (1) objective

3

data from which an experienced officer could make certain inferences, and (2) a resulting suspicion that the occupant of the vehicle in question is or has been engaged in some wrongdoing. *State v. Schulke*, 2005 MT 77, ¶ 13, 326 Mont. 390, 109 P.3d 744. Whether a particularized suspicion exists is a question of fact determined by examining the totality of the circumstances. *Brown*, ¶ 22.

¶9 Schaeffer contends that the District Court erred in accepting Fowler's testimony regarding the events of the traffic stop because Fowler's testimony was not consistent with the dash cam video and because Fowler referenced an incorrect statute as the basis for making the traffic stop.

¶10 With respect to the dash cam video, the District Court viewed the video and concluded that it did not prove the facts as alleged by Schaeffer and did not cause the Court to doubt the credibility of the officer. In matters of witness credibility, we defer to the district court. *Billman*, ¶ 45. Our review of the record convinces us that the District Court's findings in this regard were not clearly erroneous.

¶11 Regarding Fowler's reliance on an incorrect statute as the basis for making the traffic stop, Schaeffer contends that Fowler erroneously referenced § 61-8-340, MCA. Section 61-8-340, MCA, requires vehicles travelling on a through street to yield to traffic approaching from the opposite direction before making a left turn, whereas Schaeffer notes that he was turning left into traffic and onto a through street. Schaeffer argues that the District Court should have doubted Fowler's testimony because of Fowler's incorrect citation to § 61-8-340, MCA.

¶12 An investigating officer is not required to identify a particular statutory violation

4

and/or cite a defendant for a moving violation in order to establish a particularized suspicion. *Schulke*, ¶ 18. In this case, Fowler reported that he stopped Schaeffer after he observed Schaeffer's vehicle turn left from Rogers Lane onto Park Street in front of another vehicle, which required that vehicle to come to a complete stop to avoid a collision. Whether Fowler incorrectly cited § 61-8-340, MCA, as the basis for stopping Schaeffer is beside the point. The District Court found that his observations of Schaeffer's driving provided him with a particularized suspicion to make the stop and this finding was not clearly erroneous.

¶13 The District Court's decision was supported by substantial evidence and its findings were not clearly erroneous. Therefore, the District Court did not err in denying reinstatement of Schaeffer's driver's license.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶15 Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT