DA 14-0038

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 262N

STATE OF MONTANA,

   Plaintiff and Appellee,

 v.

CHARLES EDWARD HANSEN,

   Defendant and Appellant.

APPEAL FROM: District Court of the Twenty-First Judicial District,
       In and For the County of Ravalli, Cause No. DC-13-32
       Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     David M. Maldonado, Stevenson Law Office, Missoula, Montana

   For Appellee:

     Hon. Timothy C. Fox, Montana Attorney General, Katie F. Schulz,
     Assistant Attorney General, Helena, Montana

     William Fulbright, Ravalli County Attorney, Angela Wetzsteon, Deputy
     County Attorney, Hamilton, Montana

          Submitted on Briefs: September 3, 2014
              Decided: September 30, 2014

Filed:

          Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Charles Hansen ("Hansen") appeals from the denial of his motion to suppress evidence by the Twenty-First Judicial District, Ravalli County. We affirm.

¶3 The issue on appeal is whether the District Court erred in concluding that the officer had particularized suspicion to stop Hansen. Hansen argues the District Court applied the wrong standard and that the State failed to meet its burden of establishing particularized suspicion.

¶4 On February 28, 2013, at 1:15 a.m., Hamilton Police Officer Reichert was on patrol in Hamilton, Montana. Officer Reichert observed Hansen's vehicle drifting within the lane, varying speed, and touching the centerline and fog line multiple times. Officer Reichert stopped the vehicle and, ultimately, a search warrant for Hansen's blood was obtained. Subsequently, Officer Reichert cited Hansen for felony DUI and careless driving.

¶5 Prior to trial, Hansen filed a motion to suppress and a petition to reinstate his driving privileges. The District Court conducted a consolidated hearing on the pending issues, at which the State bore the burden. The District Court heard testimony from

Officer Reichert and defense expert Garrick Mitchell, and later reviewed the patrol car video. Mr. Mitchell stated that while Hansen never crossed the painted line, he did touch it. Officer Reichert related the observations he made before stopping the vehicle including: drifting within the lane, speed fluctuations, and the time and location. The District Court noted these specific cues in determining that Officer Reichert had particularized suspicion to justify the stop.

¶6 This Court reviews the denial of a motion to suppress to determine whether the district court's findings of fact were clearly erroneous and whether the court correctly applied the findings as a matter of law. *State v. Larson*, 2010 MT 236, ¶ 15, 358 Mont. 156, 243 P.3d 1130. "A finding is clearly erroneous if it is not supported by substantial credible evidence, if the trial court misapprehended the effect of the evidence, or if our review of the record convinces us that a mistake has been committed." *Weer v. State*, 2010 MT 232, ¶ 7, 358 Mont. 130, 244 P.3d 311.

¶7 Montana law provides that an officer may "stop any person or vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense." Section 46-5-401(1), MCA; *State v. Flynn*, 2011 MT 48, ¶ 7, 359 Mont. 376, 251 P.3d 143. This Court determines the issue of particularized suspicion by examining the totality of the circumstance, including factors such as "the time of day, location of the stop, and the petitioner's driving behavior." *Weer*, ¶ 10. The focus of the inquiry is not whether the driving itself was illegal but rather, "whether the officer could point to specific and articulable facts which, taken together with rational inferences from those

facts, reasonably warrant the intrusion." *Weer*, ¶ 10 (citations omitted). Particularized suspicion does not require that an officer anticipate alternative explanations for the behavior. *Flynn*, ¶ 11.

¶8 In multiple cases, this Court has upheld a district court's finding of particularized suspicion in cases involving a vehicle drifting within lanes. *State v. Cameron*, 2011 MT 276, 362 Mont. 411, 264 P.3d 1136*; Weer v. State*, 2010 MT 232, 358 Mont. 130, 244 P.3d 311. In *Cameron*, the Court found particularized suspicion when the vehicle drifted toward, but never completely crossed, the centerline. *Cameron*, ¶¶ 16-17. In *Weer*, the Court concluded the stop was justified when Weer's truck swerved towards the centerline twice and drove onto the centerline once. *Weer*, ¶ 19. In both cases, the officer stopped the vehicles late at night, around bar closing time.

¶9 Here, the District Court noted multiple facts from which Officer Reichert could infer that the driver was impaired. First, Officer Reichert observed Hansen touch the fog line and center line twice. Hansen does not dispute this fact. Second, Officer Reichert observed Hansen's vehicle fluctuate speeds between 40-55 mph in a 60 mph zone. Third, the stop occurred at 1:15 a.m., in close proximity to the bars.

¶10 Hansen also contends that the District Court applied a sufficiency of the evidence standard when it cited to *City of Great Falls v. Morris*, 2006 MT 93, 332 Mont. 85, 134 P.3d 692. This contention is misplaced. The court did not use *Morris* to supply a standard; rather, the court cited to *Morris* to explain that Officer Reichert had particularized suspicion to believe a traffic offense had occurred (i.e., careless driving). Moreover, whether the elements of careless driving were established is irrelevant to the

question of whether Officer Reichert had particularized suspicion to stop the vehicle. An officer can still form the requisite particularized suspicion without observing a specific traffic violation. *State v. Schulke*, 2005 MT 77, ¶ 17, 326 Mont. 390, 109 P.3d 744.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The District Court's finding of particularized suspicion was supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. We conclude that the District Court did not err when it denied Hansen's motion to suppress.

¶12 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE

5