FILED

03/25/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0151

DA 19-0151

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 67N

STATE OF MONTANA,

      Plaintiff and Appellant,

    v.

CHAD E. MEEKS,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 17-1012
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Timothy C. Fox, Montana Attorney General, Brad Fjeldheim, Assistant
Attorney General, Helena, Montana

          Scott Twito, Yellowstone County Attorney, Brett D. Linneweber, Deputy
County Attorney, Billings, Montana

      For Appellee:

          Gregory D. Birdsong, Birdsong Law Office, Santa Fe, New Mexico

Submitted on Briefs: January 22, 2020

Decided: March 24, 2020

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Plaintiff and Appellant the State of Montana appeals the Order Granting Defendant's Motion to Dismiss for Lack of Speedy Trial issued by the Thirteenth Judicial District Court, Yellowstone County, on February 22, 2019. We affirm.

¶3 On August 24, 2017, an arrest warrant for Defendant and Appellee Chad E. Meeks (Meeks) was issued. Meeks was arrested on the warrant on August 28, 2017, and charged with a single count of felony sexual assault for allegedly touching a young girl, K.H. On September 1, 2017, Meeks had an initial appearance on the charge in the Yellowstone County Justice Court and bond was set at $150,000. Bond was reduced to $100,000 at the arraignment on September 6, 2017, and trial set for January 2, 2018. Meeks was unable to post bond and remained incarcerated during the pendency of the matter.

¶4 On November 2, 2017, the District Court reset trial for January 3, 2018. In the Omnibus Hearing Memorandum, filed on November 6, 2017, Meeks noted his intention to file a formal, written motion to continue the trial. Meeks did not file a motion to continue, however, and the January 3, 2018 trial date passed with no resolution. On January 10, 2018, the District Court noted the January 3 trial date had passed and re-set trial for April 3, 2018. Trial did not occur on April 3, 2018, and the State thereafter filed an unopposed

2

motion for a "retroactive continuance" of the April 3 trial date. On April 23, 2018, the District Court held a status hearing, at which Meeks advised the court he waived his right to a jury trial and requested a bench trial, "[a]s long as it's not waiving my speedy trial rights."

¶5      On April 24, 2018, the District Court issued an Order Resetting Jury [sic] Trial, which re-set the matter for a bench trial on August 13, 2018. On July 6, 2018, Meeks filed a motion in limine, seeking to determine the scope of testimony from a guardian ad litem appointed for K.H. in a civil proceeding. On July 13, 2018, Meeks filed an uncontested motion to continue trial due to an unrelated federal matter. On July 31, 2018, after a scheduling conference, the District Court issued an order resetting trial for December 17, 2018. Prior to trial, the State filed a motion in limine to preclude Meeks from introducing expert testimony regarding the credibility of K.H., and to preclude Meeks from introducing a psychosexual evaluation of Meeks performed in an abuse and neglect proceeding, prior to Meeks being charged in this case, and to obtain a new psychosexual examination by a qualified psychiatrist of the State's choice. On December 14, 2018, the District Court issued an Order to Seal State's Motion in Limine #1, Order Vacating Trial Setting, and Order Setting Hearing on State's Motion in Limine #1, which vacated the December 17, 2018 trial date and instead set a hearing on the State's motion in limine for that date. At the hearing, the parties stipulated to the exclusion of opinion testimony regarding the truthfulness of K.H. The District Court asked the parties if they wished to set a new trial date, but counsel for Meeks noted that, if the District Court were to grant the State's request for a new psychosexual examination, a new trial date would be "superficial." The District

3

Court did not a set a new trial date and indicated it would try to issue a decision on the State's motion in limine "as soon as [it could]." On December 17, 2018, the State filed a Notice of Withdrawal of Independent Evaluation Request, advising it no longer wished to pursue a second psychosexual evaluation if the court ruled the counselor who performed the previous psychosexual examination could testify at trial.

¶6 On January 18, 2019, with no decision yet issued by the District Court on the State's motion in limine, Meeks filed a Motion to Dismiss for Lack of Speedy Trial and Brief in Support, seeking an order of dismissal for violation of his right to speedy trial. Meeks did not request an evidentiary hearing in his opening brief. On January 30, 2019, the District Court issued an Order Denying State's Motion in Limine, and thereafter issued an Amended Order Denying State's Motion in Limine on January 31, 2019, sealing the orders due to the confidential matters discussed therein. On February 1, 2019, the State filed the State's Response to Defendant's Motion to Dismiss. The State did not request an evidentiary hearing in its response brief. On February 12, 2019, Meeks filed the Defendant's Reply to the State's Response to the Defendant's Motion to Dismiss for Lack of Speedy Trial and Brief in Support and Request for a Hearing, which did request a hearing on the motion. On February 22, 2019, without holding an evidentiary hearing, the District Court issued an Order Granting Defendant's Motion to Dismiss for Lack of Speedy Trial.

¶7 The State appeals, asserting the District Court abused its discretion by dismissing the case on speedy trial grounds without first holding an evidentiary hearing and this Court must remand for a hearing as there is an insufficient record to review on appeal. Meeks argues the District Court's decision is supported by substantial facts from the record and it

4

was within the District Court's discretion to issue the order without holding the hearing which only he had requested.

¶8 "Except where mandated by Title 46, the court has discretion to conduct a hearing on the merits of a motion." Section 46-13-104(2), MCA. We review a district court's denial of an evidentiary hearing for a clear abuse of discretion. *State v. Terronez*, 2017 MT 296, ¶ 19, 389 Mont. 421, 406 P.3d 947 (citing *State v. Schulke*, 2005 MT 77, ¶ 10, 326 Mont. 390, 109 P.3d 744).

¶9 In this case, Meeks did not request an evidentiary hearing in his opening brief nor did the State in its response brief. While Meeks requested an evidentiary hearing in his reply brief, the District Court did not hold an evidentiary hearing and granted Meeks's motion shortly after Meeks filed his reply. The State argues the District Court abused its discretion by not holding a hearing as the parties disputed facts, but concedes this Court has "not expressly held a speedy trial hearing is required[.]" In light of there being no requirement to hold a hearing on a speedy trial motion, together with the record in this cause as well as that of the child dependency and dissolution proceedings, the District Court's decision to not hold a hearing in this case was not a clear abuse of discretion. The District Court could, at any time, simply take judicial notice of the proceedings before it in this case, as well as both the abuse and neglect proceedings and Meeks's divorce proceedings. *See* M. R. Evid. 201. The record created below was sufficient for both the District Court to issue its Order and for this Court to review that Order on appeal. *See State v. Stops*, 2013 MT 131, ¶¶ 21-22, 370 Mont. 226, 301 P.3d 811.

5

¶10 "On appeal of a speedy trial ruling, we review a district court's factual findings for clear error." *State v. Kurtz*, 2019 MT 127, ¶ 6, 396 Mont. 80, 443 P.3d 479 (citing *State v. Ariegwe*, 2007 MT 204, ¶ 119, 338 Mont. 442, 167 P.3d 815). The district court's findings of fact are clearly erroneous if they are not supported by substantial credible evidence, if the court has misapprehended the effect of the evidence, or if a review of the record leaves this Court with a definite and firm conviction that a mistake has been made. *State v. Snider*, 2018 MT 258, ¶ 9, 393 Mont. 166, 429 P.3d 268 (citing *Ariegwe*, ¶ 119). We review whether the factual circumstances establish a speedy trial violation de novo as a question of constitutional law. *Ariegwe*, ¶ 119.

¶11 A criminal defendant is guaranteed the right to a speedy trial by the Sixth and Fourteenth Amendments to the United States Constitution and Article II, Section 24, of the Montana Constitution. If the delay between accusation and trial exceeds 200 days, we examine speedy trial violations under the *Ariegwe* balancing test. *Kurtz*, ¶ 7 (citing *Ariegwe*, ¶ 41). Asserted speedy trial violations are analyzed by balancing four factors: (1) the length of delay; (2) the reasons for the delay; (3) the accused's response to the delay; and (4) the prejudice to the accused. *Ariegwe*, ¶ 34. "No one factor is dispositive by itself; rather, the factors are related and must be considered together with such other circumstances as may be relevant." *Ariegwe*, ¶ 112.

**Factor One: Length of the Delay**

¶12 An arrest warrant for Meeks was issued on August 24, 2017, and at the time the District Court granted his speedy trial motion there was no set trial date. The District Court calculated the length of delay based on the time between accusation and Meeks's reply

brief in support of his motion to dismiss for lack of speedy trial. In this respect, the District Court erred by undercounting the length of delay in this case, as with no set trial date the District Court should have counted each day until it ultimately issued its order of dismissal. The length of the delay between Meeks becoming an accused and the District Court's Order Granting Defendant's Motion to Dismiss for Lack of Speedy Trial is 547 days.

¶13 "The presumption of prejudice intensifies, and the State's burden to justify the delay increases, as the delay stretches beyond the 200-day threshold." *Kurtz*, ¶ 8 (citing *Ariegwe*, ¶ 62). The 547-day delay in this case substantially increases the State's burden to provide "particularly compelling justifications" for the delay under Factor Two; and under Factor Four, the State must make a "highly persuasive" showing Meeks was not prejudiced by the delay, while the quantum of proof that may be expected of Meeks under Factor Four is substantially decreased. *Ariegwe*, ¶ 123; *State v. Rose*, 2009 MT 4, ¶ 46, 348 Mont. 291, 202 P.3d 749.

**Factor Two: Reasons for the Delay**

¶14 The State bears the burden of explaining pretrial delays. *Ariegwe*, ¶ 64. "Delay is charged to the State unless the accused caused the delay or affirmatively waived the speedy trial right for that period." *State v. Billman*, 2008 MT 326, ¶ 20, 346 Mont. 118, 194 P.3d 58 (citing *Ariegwe*, ¶ 108). The prosecution's lack of diligence is weighed against the State, but less heavily than bad faith, and institutional delay is also attributable to the State, but weighs even less heavily. *Kurtz*, ¶ 12 (citations omitted).

¶15 The State identified, and the District Court adopted, six periods of delay in this case: (1) 13 days of institutional delay between the arrest warrant being issued on August 24,

2017, and arraignment on September 6, 2017; (2) 119 days of institutional delay between arraignment on September 6, 2017, and the first trial setting of January 3, 2018; (3) 90 days of institutional delay between the January 3, 2018, and April 3, 2018 trial settings; (4) 132 days attributable to the State's motion to continue between the April 3, 2018, and August 13, 2018 trial settings; (5) 126 days attributable to Meeks's motion to continue between the August 13, 2018, and December 17, 2018 trial settings; and (6) 32 days between the vacated December 17, 2018 trial setting and Meeks filing his motion to dismiss. In all, the District Court attributed periods one, two, three, four, and six to the State for a total of 386 days.

¶16 While we agree that periods one, two, three, four, and six are attributable to the State through either institutional delay or lack of diligence by the State, as explained above, the District Court undercounted the total delay in this matter. Period six—attributable to the State—was not a delay of 32 days, but one of 67, and therefore 421 days of delay are attributable to the State. The State did not provide "particularly compelling justifications" for the delay, as the District Court correctly found "Meeks was under no obligation to ensure diligent prosecution by the State or help the State avoid dismissal." Factor Two weighs heavily in Meeks's favor.

**Factor Three: Accused's Responses to the Delay**

¶17 Meeks never waived his right to a speedy trial in this case. He did waive his right to a jury trial, with the qualification he was doing so as long is it did not waive his speedy trial rights. Meeks moved to continue trial only once, due to a conflict with an unrelated

federal matter, and continued to assert his right to a speedy trial throughout the case. Accordingly, Factor Three weighs in Meeks's favor.

**Factor Four: Prejudice to the Accused**

¶18 We assess prejudice in light of the interests that the speedy trial right was designed to protect: "(i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern caused by the presence of unresolved criminal charges, and (iii) limiting the possibility that the accused's ability to present an effective defense will be impaired." *Ariegwe*, ¶ 111.

¶19 Meeks became an accused on August 24, 2017, was arrested on August 28, 2017, and remained incarcerated until the District Court dismissed the charges after 547 days—well beyond the 200-day threshold for examining a potential speedy trial violation. The District Court found Meeks suffered anxiety and concern due to the unresolved charge, he was hampered in defending himself in a divorce action, and he was unable to find meaningful employment due to his incarceration. The State argues a hearing was needed to resolve what prejudice Meeks actually faced in the divorce action. We are not persuaded by this argument as the District Court had access to the dissolution filings and could simply take judicial notice of what occurred there. Finally, Meeks argued the memories of the young witnesses may have changed over time due to the lengthy delay. The District Court was not convinced by Meeks's argument in this regard; however, it found the weight of days and delay attributable to the State to be dispositive of a presumption that Meeks was indeed prejudiced in this case. We agree with the District Court.

¶20    Meeks was incarcerated for well over 500 days and experienced anxiety and concern over the unresolved charge. We agree with the District Court his arguments regarding witness memories are unpersuasive and we find no clear error in the court's remaining findings. Ultimately, Factor Four weighs slightly in Meeks's favor.

**Balancing**

¶21    Balancing the four *Ariegwe* factors, it is clear Meeks's speedy trial rights were violated. Each of the four factors weighs in Meeks's favor, some of them heavily.

¶22    The District Court's decision to decide the matter based on the briefing, without holding a hearing, was not a clear abuse of discretion. The District Court's factual findings are not clearly erroneous and its ultimate conclusion Meeks's right to a speedy trial had been violated is correct.

¶23    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶24    Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ BETH BAKER

10