

**FILED**

02/01/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0299

DA 21-0299

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 23N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

ZACHARY ALAN RIVERS,

Defendant and Appellant.

**FILED**

FEB 01 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC-20-381C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Ryan D. McCarty, Angel, Coil & Bartlett, Bozeman, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

Marty Lambert, Gallatin County Attorney, Jaydan Johnson, Deputy County
Attorney, Bozeman, Montana

Submitted on Briefs:   January 5, 2022

Decided:   February 1, 2022

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Zachary Alan Rivers appeals from the Findings of Fact and Conclusions of Law of the Eighteenth Judicial District Court, Gallatin County, denying his motion to suppress. Rivers asserts that the District Court erred by refusing to hold an evidentiary hearing on his motion to suppress when it concluded Rivers failed to assert facts in his motion that, if true, would show that he was aggrieved by an unlawful search and seizure and therefore failed to meet the minimum statutory requirements set forth in § 46-13-302(2), MCA. We affirm.

¶3 On May 4, 2019, Deputy Allmendinger responded to a report from Gallatin County Dispatch regarding a Jeep travelling northbound on Jackrabbit Lane, purportedly swerving and almost hitting several vehicles. The dispatch resulted from two independent, self-identified, informant tips. Deputy Allmendinger eventually stopped Rivers, driving a 1995 black Jeep Wrangler, and travelling north on Jackrabbit Lane while turning onto Amsterdam Road. After travelling 100 yards, Rivers pulled into a Town Pump parking lot. After administering standardized field sobriety tests, the deputy arrested Rivers for driving under the influence (DUI).

¶4     Deputy Allmendinger passed away in the line of duty before Rivers' trial, scheduled for May 20, 2021.  Rivers filed a motion to suppress all evidence and dismiss the DUI on January 25, 2021, arguing that because Deputy Allmendinger would not be able to testify as to his personal observations, the State could not present sufficient evidence to support a particularized suspicion for initiating the traffic stop.  The State responded that Rivers' motion failed to meet the statutory requirements of § 46-13-302(2), MCA, as it did not assert facts that, if true, would show the evidence should be suppressed.  The State further argued that, in any event, it could establish particularized suspicion for initiating the traffic stop without Deputy Allmendinger's direct testimony.  The District Court held that Rivers failed to comport with the statutory requirements of a motion to suppress under § 46-13-302(2), MCA, and his motion would be better suited as a directed verdict at the close of the State's case pursuant to § 46-16-403, MCA.

¶5     We review a district court's decision whether or not to hold an evidentiary hearing for a clear abuse of discretion.  *State v. Tucker*, 2008 MT 273, ¶ 13, 345 Mont. 237, 190 P.3d 1080.

¶6     The District Court correctly held that an evidentiary hearing was not required in this case.  Rivers acknowledges that § 46-13-302, MCA, imposes the initial burden on the defendant bringing a suppression motion to allege facts that, if true, would show that the evidence should be suppressed.  Rivers failed to identify any contested facts for the District Court to consider that would show Deputy Allmendinger lacked particularized suspicion. Rivers argues the District Court should have considered "the State's inability to proffer the

3

testimony of Deputy Allmendinger's as a 'fact' to be considered as to whether a hearing should be granted." What Rivers attempts to frame as a factual dispute is in reality a legal argument—that Deputy Allmendinger's death necessarily rendered the State incapable of establishing particularized suspicion. "An evidentiary hearing is unnecessary when facts are uncontested and the court is asked to make a decision as a matter of law." *State v. Schulke*, 2005 MT 77, ¶ 28, 326 Mont. 390, 109 P.3d 744 (citing *State v. Shook*, 2002 MT 347, ¶ 19, 313 Mont. 347, 67 P.3d 863). The District Court did not abuse its discretion by declining to hold an evidentiary hearing regarding Rivers' motion to suppress. *Tucker*, ¶ 13.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct. The District Court's ruling denying the evidentiary hearing was not an abuse of discretion. We affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

4

_____

_____
Justices