FILED

04/22/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0345

DA 24-0345

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 82N

STATE OF MONTANA,

     Plaintiff and Appellee,

  v.

DUANE ANGELO BURCHILL,

     Defendant and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC-16-0368(A)
Honorable Peter B. Ohman, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Duane Angelo Burchill, Self Represented, Shelby, Montana

     For Appellee:

     Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant Attorney General, Helena, Montana

     Audrey S. Cromwell, Gallatin County Attorney, Stephanie McKnight, Deputy County Attorney, Bozeman, Montana

Submitted on Briefs: March 5, 2025

Decided: April 22, 2025

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Duane Angelo Burchill appeals from the Eighteenth Judicial District Court, Gallatin County's May 17, 2024 order denying his motion for a new trial without holding an evidentiary hearing.[1]  We affirm.

¶3     A jury convicted Burchill of two counts of Robbery, one count of Conspiracy to Commit Deceptive Practices, and one count of Criminal Possession of Dangerous Drugs on August 2, 2017.  Burchill appealed that conviction, and we affirmed.  *State v. Burchill*, 2019 MT 285, ¶ 39, 398 Mont. 52, 454 P.3d 633.  Burchill filed an amended petition for post-conviction relief on June 25, 2021, which the District Court denied on June 14, 2022.  Burchill appealed that denial, and we once again affirmed.  *Burchill v. State*, 2024 MT 20, ¶ 31, 415 Mont. 129, 542 P.3d 742.

¶4     On January 18, 2024, while Burchill's post-conviction-relief appeal was pending and approximately six-and-a-half years after his conviction, Burchill moved for a new trial.  In his motion, Burchill argued that the Clerk of the District Court had failed to comply with § 3-15-405, MCA, in selecting the jury panel for his case.  On February 28, 2024, Burchill

---

[1] On April 10, 2025, Burchill filed an "Amended Notice of Appeal" containing additional arguments.  Because the briefing in this case had already been fully submitted by the time of his filing, Burchill's additional arguments are untimely, so we do not consider them.

filed a motion seeking to subpoena the Gallatin County Clerk of District Court, and on March 27, 2024, he filed a motion seeking discovery, both in support of his motion for a new trial.

¶5 On May 17, 2024, the District Court denied Burchill's motion for a new trial without holding an evidentiary hearing. The District Court determined that Burchill's motion was untimely and that he had not presented sufficient evidence to prove that a new trial would be in the interests of justice.

¶6 We generally review a district court's denial of an evidentiary hearing for a clear abuse of discretion. *State v. Schulke*, 2005 MT 77, ¶ 10, 326 Mont. 390, 109 P.3d 744. However, a district court's determination whether a statutorily or constitutionally mandated evidentiary hearing is required is a legal question that we review de novo. *Schulke*, ¶ 28. We review for abuse of discretion a district court's denial of a motion for a new trial. *State v. Hillious*, 2025 MT 53, ¶ 13, 421 Mont. 72, ___ P.3d ___. We review de novo a trial court's interpretation of the Sixth Amendment to the United States Constitution. *Hillious*, ¶ 13.

¶7 Burchill argues that the District Court was required to grant his motions for subpoenas and discovery in support of his motion for a new trial because they were essential to vindicating his constitutional right to an impartial jury. We have held that a district court is not required to hold an evidentiary hearing or permit introduction of new evidence in the post-conviction context absent "unique circumstances." *Herman v. State*, 2006 MT 7, ¶ 50, 330 Mont. 267, 127 P.3d 422; *see also Heath v. State*, 2009 MT 7, ¶ 24,

3

348 Mont. 361, 202 P.3d 118 (holding that the death of petitioner's trial counsel before he filed a court ordered response to a petition alleging ineffective assistance of counsel constituted "unique circumstances" requiring an evidentiary hearing).

¶8 Burchill further argues that he presented sufficient evidence in his motion for a new trial that the jury selection in his case did not comply with § 3-15-405, MCA. Section 3-15-405, MCA, directs the clerk of court to "serve notice by mail on the persons drawn as jurors and require the persons to respond by mail as to their qualifications to serve as jurors." If a person does not respond, the clerk is directed to "certify the failure to the sheriff, who shall serve the notice personally on the person." Section 3-15-405, MCA. We recently held that a defendant who moves for a new trial based on a violation of a § 3-15-405, MCA, must present sufficient "evidence that the statutory violation rendered [his or her] jury selection process substantially noncompliant" or that a substantially compliant process nevertheless resulted in "prejudice to [the defendant's] substantial rights." *Hillious*, ¶¶ 28, 32.

¶9 Burchill relies on three sources of evidence to support both of his arguments. First, he points to the order of the Eighth Judicial District Court in *State v. Hinkle*, Cascade County Cause No. 22-242, vacating all jury trials in that district. In its order, that court determined "it [was] likely that the faulty method [then] employed in [Cascade] County [was] also being used elsewhere in Montana." What Burchill fails to acknowledge is the court's determination elsewhere in the order that the "faulty method" was employed as a result of a convention that took place "sometime in 2022," and that the method employed

by the clerk prior to 2022 "comported with § 3-15-405, MCA." Burchill's reliance on a district court's determination of a faulty procedure in a different county that began five years after his own trial does not persuade us that he is in the unique circumstance of not knowing whether his jury was properly selected. His argument that such attenuated evidence supports his theory that the jury selection in his trial was substantially noncompliant or prejudicial is equally unpersuasive.

¶10 Burchill submits a Gallatin County Sheriff's Office Facebook post from sometime around October 9, 2023, reminding prospective jurors that if they did not return their jury questionnaires, they would be served in person and a filing in *State v. Ragner*, Gallatin County Cause No. 19-189-B, alleging a violation of § 3-15-405, MCA. Burchill cites to no authority for the proposition that evidence of the State's *compliance* with the jury selection statute or allegations of noncompliance made in an unrelated case constitute sufficient evidence to support a motion for an evidentiary hearing or a new trial. It is not this Court's obligation to develop parties' arguments for them, *State v. Flowers*, 2004 MT 37, ¶ 44, 320 Mont. 49, 86 P.3d 3, so we decline to find that either of these exhibits support Burchill's arguments.

¶11 Because Burchill did not include sufficient factual allegations in his motion to suggest that the Gallatin County clerk employed a statutorily deficient method to select his 2017 jury, the District Court did not abuse its discretion by denying his motion for a new trial without holding an evidentiary hearing.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE